1
2
3
4
5
6
7
8
9

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ROBERT D. GIBSON, | ) | 1: 03 CV  5445 AWI DLB P |
| | ) | |
| Plaintiff, | ) | FINDINGS AND |
| | ) | RECOMMENDATIONS RE |
| v. | ) | PLAINTIFF'S MOTIONS FOR |
| | ) | PRELIMINARY INJUNCTION |
| WARDEN OF CORCORAN STATE | ) | [Docs. 36, 39, 40, 43] |
| PRISON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. section 1983.  Pending before the Court are several Motions for Preliminary Injunction filed by Plaintiff.

        On February 28, 2005, Plaintiff filed a motion for preliminary injunction advising that "defendants are still engaged in abuses and physical attacks on prisoners in their custody."  On March 4, 2005, plaintiff filed a motion for preliminary injunction requesting that defendants be prohibited from confiscating legal documents from inmates.  On March 22, 2005, plaintiff filed a motion for preliminary injunction requesting an order restricting defendants' handling of plaintiff's personal property.  On May 2, 2005, plaintiff filed a motion for preliminary injunction "compelling

1 defendants to perform their pre-existing duties under the U.S. Constitution." Plaintiff alleges that he

2 is being denied library access and that he feels threatened by defendants.

3       The purpose of a preliminary injunction is to preserve the status quo if the balance of equities

4 so heavily favors the moving party that justice requires the court to intervene to secure the positions

5 until the merits of the action are ultimately determined. <u>University of Texas v. Camenisch</u>, 451 U.S.

6 390, 395 (1981). A preliminary injunction is available to a plaintiff who "demonstrates either (1) a

7 combination of probable success and the possibility of irreparable harm, or (2) that serious questions

8 are raised and the balance of hardship tips in its favor." <u>Arcamuzi v. Continental Air Lines, Inc.</u>, 819

9 F. 2d 935, 937 (9th Cir. 1987). Under either approach the plaintiff "must demonstrate a significant

10 threat of irreparable injury." <u>Id</u>. Also, an injunction should not issue if the plaintiff "shows no

11 chance of success on the merits." <u>Id</u>. At a bare minimum, the plaintiff "must demonstrate a fair

12 chance of success of the merits, or questions serious enough to require litigation." <u>Id</u>.

13       "A federal court may issue an injunction if it has personal jurisdiction over the parties and

14 subject matter jurisdiction over the claim; *it may not attempt to determine the rights of persons not*

15 *before the court.*" <u>Zepeda v. United States Immigration Service</u>, 753 F.2d 719, 727 (9th Cir. 1985)

16 (emphasis added).

17       On November 24, 2004, the Court issued a recommendation that the case proceed against

18 certain defendants on plaintiff's claims of excessive force. However, on January 12, 2005, Plaintiff

19 requested leave to file an amended complaint, which the Court granted. Plaintiff requested an

20 additional extension of time and on April 21, 2005, filed a fourth amended complaint which the

21 Court has not yet deemed suitable for service. Plaintiff is not entitled to preliminary injunctive relief

22 until such time as the court finds that his complaint contains cognizable claims for relief against the

23 named defendants <u>and</u> the named defendants have been served with the summons and complaint. At

24 this juncture, plaintiff's motions for preliminary injunctive relief are premature. Plaintiff may file

25 another motion for preliminary injunctive relief at a later stage. Plaintiff is cautioned that any further

26 motions for preliminary injunctive relief that are filed before defendants are served with process in

27 this case will be denied as premature.

28

U.S. District Court

E . D . California

1    Based on the foregoing, the court HEREBY RECOMMENDS that plaintiff's motions for

2    preliminary injunctive relief, filed on February 28, 2005, March 11, 2005, March 22, 2005 and May

3    2, 2005, be denied, without prejudice, as premature.

4    These Findings and Recommendations will be submitted to the United States District Judge

5    assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within twenty (20)

6    days after being served with these Findings and Recommendations, plaintiff may file written

7    objections with the court.  The document should be captioned "Objections to Magistrate Judge's

8    Findings and Recommendations."  Plaintiff is advised that failure to file objections within the

9    specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d

10   1153 (9th Cir. 1991).

11   IT IS SO ORDERED.

12   **Dated:     May 5, 2005**                              _____ **/s/ Dennis L. Beck**_____
     3b142a                                               UNITED STATES MAGISTRATE JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28