# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT GIBSON, | CASE NO. 1:03-CV-05445-AWI-DLB-P |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DEFENDANTS' MOTION |
| v. | TO DISMISS BE GRANTED IN PART |
| WARDEN OF CORCORAN STATE PRISON, et al., | (Doc. 101) |
| Defendants. | |
| _____/ | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on plaintiff's fourth amended complaint filed on April 21, 2005, against defendants Bailey, See, Lawton, Hass, Beer, Gonzales, Hayward, Buller, Rousseau, Dill, Scribner, Yamamoto, Ortiz and Hickman for use of excessive force and retaliation. On March 10, 2006, pursuant to the unenumerated portion of Federal Rule of Civil Procedure 12(b), defendants Bailey, Beer, Buller, Dill, Hass, Hickman, Lawton, Ortiz, Rousseau, Sees, and Yamamoto filed a motion to dismiss based on plaintiff's failure to exhaust the available administrative remedies. Plaintiff filed an opposition to the motion on March 20, 2006 and March 27, 2006. Defendants filed a reply on March 22, 2006 and an objection to plaintiff's sur-reply on March 29, 2006. On April 6, 2006, defendant Hayward filed a notice of joinder in the motion. On May 1, 2006, defendants Gonzales and Scribner filed a notice of joinder in the motion.

B.   Exhaustion Requirement

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with

1

respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  The section 1997e(a) exhaustion requirement applies to all prisoner suits relating to prison life.  <u>Porter v. Nussle</u>, 435 U.S. 516, 532 (2002). Prisoners must complete the prison's administrative process, regardless of the relief sought by the prisoner and regardless of the relief offered by the process, as long as the administrative process can provide some sort of relief on the complaint stated.  <u>Booth v. Churner</u>, 532 U.S. 731, 741 (2001). "Proper exhaustion[, which] demands compliance with an agency's deadlines and other critical procedural rules . . . ." is required, <u>Ngo v. Woodford</u>, 126 S.Ct. 2378, 2386 (2006), and may not be satisfied "by filing an untimely or otherwise procedurally defective . . . appeal," <u>id</u>. at 2382. Exhaustion must occur prior to filing suit, <u>McKinney v. Carey</u>, 311 F.3d 1198, 1199-1201 (9th Cir. 2002).

Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative defense under which defendants have the burden of raising and proving the absence of exhaustion. <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1119 (9th Cir. 2003).  The failure to exhaust nonjudicial administrative remedies that are not jurisdictional is subject to an unenumerated Rule 12(b) motion, rather than a summary judgment motion.  <u>Wyatt</u>, 315 F.3d at 1119 (citing <u>Ritza v. Int'l Longshoremen's & Warehousemen's Union</u>, 837 F.2d 365, 368 (9th Cir. 1998) (per curium)).  In deciding a motion to dismiss for failure to exhaust administrative remedies, the Court may look beyond the pleadings and decide disputed issues of fact.  <u>Wyatt</u>, 315 F.3d at 1119-20.  If the Court concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice.  <u>Id</u>.

C.    <u>Discussion</u>

The California Department of Corrections has an administrative grievance system for prisoner complaints.  Cal. Code Regs., tit. 15 § 3084.1.  The process is initiated by submitting a CDC Form 602.  <u>Id</u>. at § 3084.2(a).  Four levels of appeal are involved, including the informal level, first formal level, second formal level, and third formal level, also known as the "Director's Level."  <u>Id</u>. at § 3084.5.  Appeals must be submitted within fifteen working days of the event being appealed,

and the process is initiated by submission of the appeal to the informal level, or in some circumstances, the first formal level.  Id. at §§ 3084.5, 3084.6(c).

In his fourth amended complaint, plaintiff asserts that defendants used excessive force, confiscated his personal property and retaliated against him.  The incidents allegedly took place on two separate occasions, June 16, 2002 and March 31, 2004.

Defendants move for dismissal on the grounds that as to the June 16, 2002 incident, plaintiff's three grievances were screened out as untimely at the third level of administrative review. Defendants argue that as to the March 31, 2004 incident, while plaintiff filed and exhausted grievance CSP-COR 04-1416, this grievance does not adequately grieve plaintiff's claims regarding the March 31, 2004 incident and even if it does, the complaint should be dismissed as it is supported by both administratively exhausted and unexhausted claims.

Plaintiff opposes defendants' motion on the grounds that administrative remedies do not exist for monetary damages and therefore there is no need for exhaustion.  Plaintiff further argues that defendants have not proven that his grievances regarding the June 16, 2002 were untimely and that in any event, appeal CSP-COR 04-1416, was timely and exhausted.

Turning first to plaintiff's argument that exhaustion is not required to exhaust because he is seeking money damages, in Rumbles v. Hill, 182 F.3d 1064, 1069 (9th Cir. 1999), the United States Court of Appeals for the Ninth Circuit held that prisoners seeking only monetary relief need not exhaust the administrative remedies.  The basis of the Circuit Court's opinion was that, because the Department of Corrections' institutional grievance process does not provide for monetary relief, it offers no available remedy where plaintiff seeks an award of damages.  On May 29, 2001, Rumbles was overruled in part by the decision issued by the Supreme Court of the United States in Booth v. Churner, 532 U.S. 731 (2001).  In Booth, the Court held that prisoners must exhaust the available administrative remedies even if they are only seeking monetary relief and the prison grievance process does not provide money.  Booth, 731 U.S. at 734.  Following the decision in Booth, prisoners must complete the prison's administrative process, regardless of the relief sought by the prisoner and regardless of the relief offered by the process, as long as the administrative process can provide some sort of relief on the complaint stated.  Id.

3

**A.      Claims Relating to the June 16, 2002 Incident.**

As to the June 16, 2002 incident, defendants present evidence that plaintiff filed three grievances, CSP-COR 02-2485; CSP-COR 02-2755 and CSP-COR 02-2922.   Declaration of J. Buckley, ¶¶ 8-15.  Plaintiff pursued these grievances to the third level of administrative review, but each was screened out as untimely filed, having been filed almost three months late.  *Id.*  The Court finds that Defendants have met their burden as the parties moving for dismissal. The burden therefore shifts to Plaintiff to set forth evidence demonstrating that he satisfied the exhaustion requirement.

Plaintiff argues that he attempted to satisfy the exhaustion requirement but was unable to do so.  Plaintiff cites to Ngo v. Woodford, 603 F.3d 620 (9th Cir. 2005).  However, Ngo was reversed by the U.S. Supreme Court in Woodford v. Ngo, 126 S.Ct. 2378 (2006).  In Woodford, the Supreme Court held that "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." Woodford, 126 S.Ct. at 2386.  The Court held further that "[proper exhaustion] means ... a prisoner must complete the administrative review process in accordance with the applicable procedural rules ... as a precondition to bringing suit in federal court."  Id.

In this case, the appeals relating to the June 16, 2002 incident were rejected for procedural deficiencies.  Plaintiff grievances fall squarely within Woodford and therefore plaintiff's claims as to the June 16, 2002 are unexhausted and must be dismissed.

**B.      Claims Relating to the March 31, 2004 Incident**

With regard to the March 31, 2004 events, plaintiff claims that: (1) in retaliation for filing a grievance relating to the June 16, 2002 incident, defendant Beer, aided by defendants Gonzales and Hayward,  attacked plaintiff by punching him with a closed fist several times, causing bruising and lacerations to his mouth, all while plaintiff was handcuffed; and (2) Warden Yamamoto, Warden Ortiz, Warden Scribner and defendant Dill all learned of the attack through the grievance system but failed to take corrective measures.

Defendants provide evidence that on March 31, 2004, plaintiff filed inmate grievance CSP-

1  COR 04-1416.  Declaration of J. Buckley, ¶ 16.  In this grievance, plaintiff alleges that Officers

2  Gonzales, Hayward and Beer used excessive force against him and later lied about the incident.

3  Plaintiff contends the motivation behind the attack was the fact that his family members had filed

4  complaints against Gonzales and Dill.  Plaintiff's grievance was denied at the third level on October

5  29, 2004.  Defendants argue that while this grievance was exhausted as to defendants Beer, Gonzales

6  and Hayward, plaintiff's grievance did not name Hickman, Yamamoto, Dill, Ortiz or Scribner, nor

7  were any other grievances found which named these defendants or accused them of any wrongdoing.

8       Plaintiff argues that he is not required to file separate grievances relating to each individual

9  defendant.

10      Satisfaction of the exhaustion requirement does not require that the inmate draft his grievance

11 with the precision of an attorney, setting forth every fact, identifying every defendant by name, and

12 identifying which constitutional rights were violated by which actions or omissions.  Satisfaction of

13 the exhaustion requirement does require that the inmate, in his grievance, place prison personnel on

14 fair notice as to the events that subsequently give rise to suit.  Appeal CSP-COR 04-1416 did not

15 grieve plaintiff's claims against Hickman, Yamamoto, Dill, Ortiz or Scribner.  His claims against

16 these defendants are based on their positions as supervisors.  This appeal did not place prison

17 personnel on notice these claims.  Accordingly, while plaintiff's claims against Beer, Gonzales and

18 Hayward were exhausted, plaintiff's claims against defendants Hickman, Yamamoto, Dill, Ortiz and

19 Scribner were not and therefore these claims must be dismissed.

20      **C.    Conclusion**

21      At set forth in the preceding sections, the court finds that plaintiff did not exhaust his claims

22 against defendants Lawton, Hass, Beer, Buller, Bailey, See and Rousseau relating to the June 16,

23 2002 incident.  The court also finds that plaintiff did not exhaust his claims against defendants

24 Hickman, Yamamoto, Dill, Ortiz or Scribner relating the March 31, 2004 incident.  These claims and

25 defendants must therefore be dismissed and this action should proceed only on plaintiff's claims

26 against defendants Beer, Gonzales and Hayward regarding the March 31, 2004 incident.  *See* Lira

27 v. Herrera, 427 F.3d 1164 (9th Cir. 2005) (rejecting total exhaustion rule, and directing courts to

28 dismiss unexhausted claims from action).

5

1

2          These Findings and Recommendations will be submitted to the United States District Judge

3   assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30)**

4   **days** after being served with these Findings and Recommendations, the parties may file written

5   objections with the Court.  The document should be captioned "Objections to Magistrate Judge's

6   Findings and Recommendations."  The parties are advised that failure to file objections within the

7   specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d

8   1153 (9th Cir. 1991).

9

10          IT IS SO ORDERED.

11     **Dated:   October 19, 2006**                    /s/ *Dennis L. Beck*

12   3b142a                                            UNITED STATES MAGISTRATE JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28