IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT GIBSON, | CASE NO. CV-F-03-5445 OWW DLB P |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR RECUSAL OF MAGISTRATE |
| vs. | |
| WARDEN OF CORCORAN STATE PRISON, et al., | [Doc. 154] |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in a civil rights action pursuant to 42 U.S.C. § 1983. On November 1, 2006, plaintiff filed a motion for recusal of magistrate (judge) for bias pursuant to 28 U.S.C. § 455.

In his motion, plaintiff contends that the undersigned has shown bias "by presenting a defense to defendants, which was not argued or put forth by the defendants." Plaintiff refers to the Court's Findings and Recommendations filed October 23, 2006 in which the Court found that plaintiff's claims against defendant Hickman, Yamamoto, Dill, Ortiz and Scribner were not exhausted and therefore recommended that the claims against these defendants be dismissed. *See* October 23, 2006 Findings and Recommendation, p.5:10-19.

"A judge is required to disqualify himself if his impartiality might reasonably be questioned, or if he has a personal bias or prejudice for or against a party." Hasbrouck v. Texaco, Inc., 842 F.2d 1034, 1045 (9th Cir. 1988) (citing 28 U.S.C. §§ 455(a), 455(b)(1)), aff'd, 496 U.S. 543, 110 S.Ct. 2535 (1990). "The bias must stem from an extrajudicial source and not be based solely on information gained in the course of the proceedings." Id. (citing In re Beverly Hills Bancorp, 752 F.2d 1334, 1341 (9th Cir. 1984)). "'Judicial rulings alone almost never constitute a valid basis for a bias or partiality motion.'" In re Focus Media, Inc., 378 F.3d 916, 930 (9th Cir. 2004) (quoting Liteky v. United States, 510 U.S. 540, 555, 114 S.Ct. 1147 (1994)). "'In and of themselves . . , they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required . . . when no extrajudicial source is involved.'" Id.

In support of his motion, plaintiff argues that in their motion to dismiss, defendants did not argue that notice was not given by the appeal but only that their names were not mentioned in the grievance. Plaintiff contends that exhaustion of administrative remedies was their defense not lack of notice. Plaintiff argues that in partially granting the motion, the undersigned used a defense not raised by defendants.

Plaintiff's contention is without merit. In their motion to dismiss, defendants argued that the only grievance exhausted by plaintiff was grievance CSP-COR 04-1416 and this grievance did not grieve the claims regarding the March 31, 2004 incident. The Court agreed and found:

> Appeal CSP-COR 04-1416 did not grieve plaintiff's claims against Hickman, Yamamoto, Dill, Ortiz or Scribner. His claims against these defendants are based on their positions as supervisors. This appeal did not place prison personnel on notice these claims. Accordingly, while plaintiff's claims against Beer, Gonzales and Hayward were exhausted, plaintiff's claims against defendants Hickman, Yamamoto, Dill, Ortiz and Scribner were not and therefore these claims must be dismissed.

Plaintiff's disagreement with the rulings of this court is not a proper basis for recusal. Plaintiff's request that the undersigned recuse himself from this case is without merit and is therefore denied.

IT IS SO ORDERED.

Dated:   **September 24, 2007**           **/s/ Dennis L. Beck**
                                          UNITED STATES MAGISTRATE JUDGE