IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT GIBSON,<br><br>                Plaintiff,<br><br>    vs.<br><br>ALAMEIDA, et al.,<br><br>                Defendants.<br>_____/ | CASE NO. CV-F-03-5445 OWW DLB P<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING MOTION FOR PRELIMINARY INJUNCTIVE RELIEF BE DENIED<br><br>[Doc. 175] |

       Plaintiff is a state prisoner proceeding pro se and in forma pauperis in a civil rights action pursuant to 42 U.S.C. § 1983. On May 9, 2007, plaintiff filed an additional motion for preliminary again injunction seeking orders prohibiting defendants from disrupting his ability to prosecute this action including, retaliating against him for filing this lawsuit, searching his cell, moving him, and tampering with his outgoing mail. Plaintiff also requests that the witnesses identified in his motions be transferred if they fear for their safety due to providing testimony in this case.

       As plaintiff has been advised, the purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). A preliminary injunction is available to a plaintiff who "demonstrates either (1) a combination of probable success and the possibility of irreparable harm, or

1  (2) that serious questions are raised and the balance of hardship tips in its favor." Arcamuzi v.
2  Continental Air Lines, Inc., 819 F. 2d 935, 937 (9th Cir. 1987). Under either approach the plaintiff
3  "must demonstrate a significant threat of irreparable injury." Id. Also, an injunction should not issue
4  if the plaintiff "shows no chance of success on the merits." Id. At a bare minimum, the plaintiff "must
5  demonstrate a fair chance of success of the merits, or questions serious enough to require litigation."
6  Id.

7  This action is proceeding on plaintiff's claims of excessive force and retaliation. In his current
8  motion, plaintiff seeks orders from the court relating to the prosecution of the present lawsuit. Plaintiff's
9  complaint does not include any claims similar to his request. The court cannot issue orders that do not
10 remedy the claims alleged in this action. Plaintiff is not entitled to orders that, rather than serving to
11 remedy the claims in this action, serve to allow plaintiff to litigate this action more effectively. Because
12 the federal court is a court of limited jurisdiction, as a threshold matter, the court must have before it a
13 case or controversy. Flast v. Cohen, 392 U.S. 83, 88 (1968). Absent such a case or controversy, the
14 court has no power to hear the matter. Rivera v. Freeman, 469 F.2d 1159, 1162-1163 (9th Cir. 1972).
15 Since the complaint in this case does not contain allegations raising issues similar to those presented in
16 the instant motion, there is no controversy present with respect to such issues and, as a result, the court
17 cannot address either the likelihood of success on the merits or whether there are serious questions going
18 to the merits of plaintiff's claims.

19 For the foregoing reasons, the court HEREBY RECOMMENDS that plaintiff's motions for
20 preliminary injunctive relief, filed March 27, 2006 and October 10, 2006, be DENIED.

21 These Findings and Recommendations will be submitted to the United States District Judge
22 assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fifteen (15) days
23 after being served with these Findings and Recommendations, the parties may file written objections
24 with the court. The document should be captioned "Objections to Magistrate Judge's Findings and
25 Recommendations." The parties are advised that failure to file objections within the specified time may
26 waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
27
28           IT IS SO ORDERED.

1
**Dated:   March 4, 2008**                    **/s/ Dennis L. Beck**
                                                                    UNITED STATES MAGISTRATE JUDGE
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28