# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT D. GIBSON,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>BEER, et al.,<br><br>　　　　　　Defendants.<br>_____/ | CASE NO. 1:03-CV-05445-OWW-DLB-P<br><br>ORDER DENYING PLAINTIFF'S MOTION TO FILE FIFTH AMENDED COMPLAINT (Doc. 208)<br><br>ORDER DIRECTING CLERK'S OFFICE TO SCAN PROPOSED FIFTH AMENDED COMPLAINT IN FULL FOR COURT RECORD (Doc. 221)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR SERVICE OF FIFTH AMENDED COMPLAINT (Doc. 235) |

A.      Background

　　　　Plaintiff Robert D. Gibson ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 1983. Plaintiff filed a fourth amended complaint on April 21, 2005 against defendants Bailey, See, Lawton, Hass, Beer, Gonzales, Hayward, Buller, Rousseau, Dill, Scribner, Yamamoto, Ortiz, and Hickman for use of excessive force and retaliation on June 16, 2002 and March 31, 2004. (Doc. 42.). On March 10, 2006, pursuant to the unenumerated portion of Federal Rule of Civil Procedure 12(b), defendants Bailey, Beer, Buller, Dill, Hass, Hickman, Lawton, Ortiz, Rousseau, Sees, and Yamamoto filed a motion to dismiss based on plaintiff's failure to exhaust the available administrative remedies. (Doc. 101). On December 27, 2006, the District Court adopted the Magistrate Judge's Findings and Recommendations, dismissing from this action defendants Hickman, Yamamoto, Dill, Ortiz and Scribner, and dismissing plaintiff's

claims relating to the June 16, 2002 incident as against defendants Lawton, Hass, Beer, Buller, Bailey, See and Rousseau for plaintiff's failure to exhaust. (Docs. 148, 163). The court ordered this action to proceed only as against defendants Beer, Gonzales and Hayward regarding the March 31, 2004 incident.

On October 29, 2007 and November 2, 2007, plaintiff filed notices of intent to file an amended complaint, and on December 10, 2007, the Clerk of the Court lodged plaintiff's fifth amended complaint. (Docs. 205, 208, 221). Defendants filed their opposition on March 3, 2008. (Doc. 227). On March 20, 2008, plaintiff filed a motion requesting that the fifth amended complaint be served on the defendants. (Doc. 235).

B.      Motion to File Fifth Amended Complaint

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. Otherwise, a party may amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires. Fed. R. Civ. P. 15(a). In this case, a responsive pleading has been served. Therefore, plaintiff may not file a fifth amended complaint without leave of court.

"Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'" AmerisourceBergen Corp. v. Dialysis West, Inc., 445 F.3d 1132, 1136 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)). However, courts "need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in the litigation; or (4) is futile." Id. The factor of "'[u]ndue delay by itself . . . is insufficient to justify denying a motion to amend.'" Owens v. Kaiser Foundation Health Plan, Inc., 244 F.3d 708, 712,13 (9th Cir. 2001) (quoting Bowles v. Reade, 198 F.3d 752, 757-58 (9th Cir. 1999)).

In this instant case plaintiff seeks leave to amend his complaint in order to add Edward Alameida and Jeanie Woodford as defendants, whom plaintiff identifies as former Directors of the California Department of Corrections. Plaintiff also seeks to "reinstate the defendants dismissed erroneously from this action, pursuant to the ruling in Jones v. Bock 127 S. Ct. 910 and the Ninth

Circuit Brown v. Valoff 422 F. 3d. 926, (2005)".[1]  (Lodged 5th Amended Complaint, Doc. 221, p. 2). Plaintiff contends that this Court incorrectly dismissed the defendants from this action on the grounds that plaintiff did not provide the defendants with personal notice of the claims against them. Plaintiff asserts that in Jones, the Supreme Court held that "the primary purpose of a grievance is to alert Prison Officials to a problem, not to provide personal Notice to a particular Official that he may be sued". (Id., p.3).

I)   Proposed Defendants Hickman, Yamamoto, Dill, Ortiz, Scribner, Lawton, Hass, Buller, Bailey, See and Rouseau.

In Jones, the Supreme Court concluded that "exhaustion is not *per se* inadequate simply because an individual later sued was not named in the grievances." Id, at 923. Plaintiff is correct in his assertion that he is not required to specifically name the defendants in his grievance appeals. However, plaintiff's action was dismissed as against defendants Hickman, Yamamoto, Dill, Ortiz and Scribner because plaintiff's appeal did not place prison personnel on fair notice as to the events that subsequently give rise to suit. (Doc. 148, p.5:10-19). Appeal CSP-COR 04-1416 did not grieve plaintiff's claims against these defendants based on their positions as supervisors. Plaintiff's appeal did not place prison personnel on notice of these claims. The Supreme Court's decision in Jones does not alter this court's ruling of defendants' motion to dismiss.

Likewise, plaintiff's claims as against defendants Lawton, Hass, Buller, Bailey, See and Rousseau relating to the June 16, 2002 were dismissed for failure to exhaust, as the appeals relating to the incident were rejected for procedural deficiencies (Doc. 148, p.4:18-20). Again, the Supreme Court's decision in Jones does not alter this court's analysis of the defendants' motion to dismiss for failure to exhaust, and it would be futile to allow plaintiff to amend his complaint to re-name the previously dismissed defendants.

Finally, in further support of his motion, plaintiff argues that he properly exhausted his grievances. (Lodged 5th Amended Complaint, Doc. 221, pp. 6-7).  Plaintiff states, "The plaintiff

---

[1] As this action is proceeding only as against defendants Beer, Gonzales, and Hayward, the Court assumes that plaintiff is disputing the dismissals of the defendants Hickman, Yamamoto, Dill, Ortiz, Scribner, Lawton, Hass, Buller, Bailey, See and Rousseau.

tryed [sic] to explain this to the court in his objection to the Defendants Motion to Dismiss, but did a poor job, so I will try again..." (Id, p.6).  Plaintiff also argues that his appeals should be viewed as "one continuance [sic] grievance", thereby satisfying the exhaustion requirement. (Id, pp. 4-5).

Plaintiff was afforded an opportunity to oppose defendants' motion to dismiss for failure to exhaust, and he did in fact file oppositions on March 20, 2006 and March 27, 2006.  (Docs. 112, 122).  Plaintiff also filed objections to the Magistrate Judge's Findings and Recommendations on October 30, 2006 and November 6, 2006. (Docs. 153, 155).   The court has duly considered plaintiff's arguments regarding the exhaustion of his appeals, and issued its order on December 27, 2006.  Plaintiff is not permitted to circumvent the court's ruling by amending his complaint to re-name the defendants dismissed in the action.  Plaintiff is cautioned that the court will not re-open the matter now.

Accordingly, plaintiff's proposed fifth amended complaint does not state a claim upon which relief may be granted as against the above defendants, and it would therefore be futile to grant plaintiff leave to file his proposed fifth amended complaint.

   ii) <u>Proposed Defendants Alameida and Woodford</u>

Plaintiff further seeks to add Mr. Edward Alameida and Ms. Jeanie Woodford, former directors of the California Department of Corrections, as defendants. This action was filed on April 2004, and is nearly four years old.  Plaintiff provides no explanation for why he did not name Mr. Alameida and Ms. Woodford in this action sooner.  There is presumed prejudice to the defendants in this action if plaintiff is granted leave to amend his complaint again at this stage in the proceedings.  Amending the complaint will only delay this litigation.   The court will not grant plaintiff leave to amend his complaint in order to add Mr. Alameida and Ms. Woodford as defendants.

C. <u>Plaintiff's Motion for Service of Fifth Amended Complaint</u>

As plaintiff's motion to file a fifth amended complaint is denied, plaintiff's motion for service is likewise denied.

///

///

D. <u>Conclusion</u>

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion seeking leave to file a fifth amended complaint, lodged December 10, 2007, is DENIED;

2. Plaintiff's motion for service of the lodged fifth amended complaint is DENIED; and

2. The Clerk's Office shall scan plaintiff's proposed fifth amended complaint in its entirety to make the court's record complete.

IT IS SO ORDERED.

**Dated:   May 9, 2008**             **/s/ Dennis L. Beck**
                                     UNITED STATES MAGISTRATE JUDGE