IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT D. GIBSON,<br><br>          Plaintiff,<br>  vs.<br><br>BEER, et al.,<br><br>          Defendants. | CASE NO. CV-F-03-5445 OWW DLB P<br><br>ORDER DENYING PLAINTIFF'S MOTION TO COMPEL<br><br>[Doc. 202] |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on plaintiff's fourth amended complaint filed April 21, 2005, against defendants Beer, Gonzales and Hayward ("defendants") for allegedly using excessive force in violation of the Eighth Amendment. On October 22, 2007 plaintiff filed motions to compel production of the personnel files of defendants and other individuals who were present during the incident at issue. Defendants filed an opposition on November 13, 2007.

In his motion, plaintiff seeks to compel further response to his amended first request for production of documents served on August 17, 2007. Specifically, plaintiff seeks the personnel files and any disciplinary history of thirteen individuals present on March 31, 2004 during the events at issue. Defendants oppose the motion arguing that plaintiff requests documents relating to individuals who are not defendants in the action and therefore defendants do not have possession, custody or control of the requested documents. Defendants also represent that they have reviewed the disciplinary histories of

1

defendants and there are no documents relating to discipline for the March 31, 2004 incident. Defendants also argue that plaintiff's request for the entire personnel files and disciplinary histories for the individuals is overbroad and irrelevant.

Rule 34 requests may be used to inspect documents in the possession, custody or control of another party. Fed.R.Civ.Proc 34. The personnel files of non-parties are not in the possession, custody or control of defendants and therefore plaintiff's motion as to such documents is denied.

Documents requested also must be relevant to any party's claim or defense. Fed.R.Civ.Proc. 26(b)(1). Plaintiff's request for the entire personnel files of the defendants is overbroad and irrelevant. Consequently, plaintiff's request must be narrowed to include only documents regarding discipline against the defendants relating to incidents that are factually similar to plaintiff's allegations in the instant action. Further, plaintiff's request must be narrowed to a specific time period. The events giving rise to the claims against the defendants in this action occurred on March 31, 2004. Accordingly, the documents requested by plaintiff are limited to the time period between March 2003 and December 2004. Defendants shall provide plaintiff with the relevant documents requested, if any, within 30 days from the date of service of this order. Defendants may redact from the relevant documents any information relating to the identities of third parties or personal information of the defendants.

Based on the foregoing, it is HEREBY ORDERED that Plaintiff's motion to compel further responses to his amended first set of requests for documents is granted in part, subject to the limitations set forth in this order.

IT IS SO ORDERED.

Dated:   **May 30, 2008**              /s/ **Dennis L. Beck**
                                    UNITED STATES MAGISTRATE JUDGE