IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT GIBSON,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>BEER, et al.,<br><br>　　　　　Defendants.<br>_____/ | CASE NO. CV-F-03-5445 OWW DLB P<br><br>ORDER DENYING PLAINTIFF'S MOTION TO STRIKE COURT DOCUMENT 244<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECUSAL OF MAGISTRATE JUDGE<br><br>(Doc. 254)<br><br>ORDER DENYING MOTION FOR DE NOVO REVIEW<br><br>(Doc. 257) |

　　　　Plaintiff Robert Gibson ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in a civil rights action pursuant to 42 U.S.C. § 1983. On May 12, 2008, the court issued an order denying plaintiff's motion to file a fifth amended complaint (Doc. 244). The court also denied plaintiff's motion for service of the fifth amended complaint. On May 20, 2008, plaintiff filed his objections. (Doc. 254). Plaintiff contends that the order is a final order and outside the scope of magistrate judge jurisdiction. Plaintiff further alleges that the court deliberately misstated the law in order to deny his motion, and that the magistrate judge "is deliberately engaged in contrition and has also failed to rule or present to the District Court Judge a request for Interlocutory Appeal that was filed January 8, 2007 for this same issue of the 5th Amended Complaint". (Doc. 254, p.2). Plaintiff requests that the order

1

dated May 9, 2008 be striken, and that the magistrate judge be removed from this action.

On May 27, 2008, plaintiff filed a further motion objecting to the Court's order issued May 12, 2008, and requests a de novo review of the order by the district court judge. (Doc. 257).

A.  Plaintiff's Motion to Strike / Motion for De Novo Review

Plaintiff's contention that the magistrate judge lacks jurisdiction to rule on his motion to file a fifth amended complaint is without merit.  28 U.S.C. § 636(b)(1) provides in part that

> **(A)** a judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action. A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.
>
> **(B)** a judge may also designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any motion excepted in subparagraph (A), of applications for posttrial relief made by individuals convicted of criminal offenses and of prisoner petitions challenging conditions of confinement.
>
> **(C)** the magistrate judge shall file his proposed findings and recommendations under subparagraph (B) with the court and a copy shall forthwith be mailed to all parties.

This action was referred to the undersigned pursuant to section 636 and Local Rule 72-302. A motion to file an amended complaint is a pretrial matter properly within the scope of magistrate judge jurisdiction.  28 U.S.C. § 636(b)(1)(A).   Accordingly, plaintiff's motion to strike the order for lack of jurisdiction, filed May 12, 2008, is denied.  Plaintiff's motion for a de novo review by a district court judge is also denied.

Plaintiff may request the District Court to reconsider the ruling on the grounds that it is "clearly erroneous ro contrary to law" as provided in 28 U.S.C. § 636(b)(1)(A).

B.  Plaintiff's Motion for Removal of Magistrate Judge

In support of his motion, plaintiff alleges that the court is deliberately misstating the law in order to deny his motion to file a fifth amended complaint, and that the court also failed to properly address his request for an interlocutory appeal filed on January 8, 2007.  The court construes plaintiff's request that the magistrate judge be removed from the pending action as a motion for recusal pursuant to 28

1  U.S.C. § 455.

2  "A judge is required to disqualify himself if his impartiality might reasonably be questioned, or if he has a personal bias or prejudice for or against a party." Hasbrouck v. Texaco, Inc., 842 F.2d 1034, 1045 (9th Cir. 1988) (citing 28 U.S.C. §§ 455(a), 455(b)(1)), aff'd, 496 U.S. 543, 110 S.Ct. 2535 (1990). "The bias must stem from an extrajudicial source and not be based solely on information gained in the course of the proceedings." Id. (citing In re Beverly Hills Bancorp, 752 F.2d 1334, 1341 (9th Cir. 1984)). "'Judicial rulings alone almost never constitute a valid basis for a bias or partiality motion.'" In re Focus Media, Inc., 378 F.3d 916, 930 (9th Cir. 2004) (quoting Liteky v. United States, 510 U.S. 540, 555, 114 S.Ct. 1147 (1994)). "'In and of themselves . . , they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required . . . when no extrajudicial source is involved.'" Id.

As was previously explained to plaintiff, his disagreement with the rulings of this court are not a proper basis for recusal. By order issued separately denying plaintiff's motions for miscellaneous relief (Docs. 195, 199), the court again explained to plaintiff the reasons for denial of his motion to file a fifth amended complaint.

Further, to the extent that plaintiff's motion is based on an alleged failure of the court to properly respond to his request for an interlocutory appeal filed January 8, 2007, the court notes that plaintiff's appeal was processed by the Ninth Circuit, and dismissed on May 21, 2007 for lack of jurisdiction (Docs. 166, 178). It is unclear from plaintiff's motion what further response he expects.

Plaintiff's request that the undersigned recuse himself from this case is without merit and is therefore denied.

IT IS SO ORDERED.

Dated:   **June 4, 2008**               /s/ **Dennis L. Beck**
                                        UNITED STATES MAGISTRATE JUDGE