1

2

3

4

5

6

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

7

8

| | |
|---|---|
| ROBERT GIBSON, | CASE  NO.  1:03-CV-05445-OWW-DLB   (PC) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTIONS FOR ISSUANCE OF SUBPOENAS DUCES TECUM |
| v. | |
| BEER, et al., | (Docs. 198 and 200) |
| Defendants. | |

9

10

11

12

13

14

15    Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action

16    pursuant to 42 U.S.C. § 1983.  This action is proceeding on plaintiff's fourth amended complaint,

17    filed April 21, 2005, against defendants Beer, Gonzales and Hayward ("defendants") on plaintiff's

18    excessive force claims.  On October 15, 2007, plaintiff filed a motion for service of subpoenas on

19    five non-parties.  Plaintiff also includes three further requests, to be "held in abeyance" (Doc. 198).

20    Plaintiff seeks the issuance of a subpoena duces tecum directing the third parties to make identified

21    documents available to plaintiff.   On October 19, 2007, plaintiff filed a "correction" to his motion

22    (Doc. 200).  On October 26, 2007, the court ordered defendants to respond to plaintiff's motion.

23    Plaintiff filed an objection to the court's order on November 5, 2007, defendants filed their response

24    on November 15, 2007, and plaintiff filed a reply on November 29, 2007.  (Docs. 209, 212, 218).

25    <u>Rule 45 of the Federal Rules of Civil Procedure</u>

26    Rule 45 of the Federal Rules of Civil Procedure governs the issuance of subpoenas.  Plaintiff

27    is entitled to seek documentary evidence from third parties under this rule, which would be served

28    by the United States Marshal given that plaintiff is proceeding in forma pauperis.  However, a  party

1

or attorney must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena, and the court has the inherent power to protect anyone from the oppressive use of process.  (FRCP 45(c)(1); <u>Newmark v. Abeel</u>, 106 F. Supp. 758 (D.C.N.Y. 1952)).  Further, when a motion for the issuance of subpoenas duces tecum is brought in conjunction with discovery, the production sought by plaintiff must fall within the scope of proper discovery under Rule 26(b)(1), which provides that "[p]arties may obtain discovery regarding any nonprivileged matter relevant to a party's claim or defense" or any relevant information "reasonably calculated to lead to the discovery of admissible evidence".

1.   <u>Plaintiff's Request for Legislative Hearing Records</u>

Plaintiff requests that court issue a subpoena for "any and all records from a January 16, 2004, hearing at the State Capitol Senate Committee on Public Safety, and the testimony of Edward Alameida, and Jeanie Woodford former Directors of Corrections".  (Doc. 198).  Plaintiff also requests the same records for March 22, 2004.  (Doc. 200).  Plaintiff states that these documents are relevant in order to show the "powerful culture of corruption and lack of supervision", and to ascertain his punitive damages.

Plaintiff's action is proceeding only on his excessive force claim against defendants Beer, Gonzales and Hayward for an incident that occurred on March 31, 2004, and the court questions the relevance of the documents requested by plaintiff.   Second, notwithstanding these concerns, plaintiff's request for any and all records related to a State Capitol Senate Committee Hearing is unduly broad.  Third, these documents concern matters of public record and plaintiff should contact the appropriate government agency to inquire into obtaining the documents sought.  Accordingly, plaintiff's request for a subpoena duces tecum is denied.

2.   <u>Plaintiff's Requests for Report by California Prison Focus</u>

Plaintiff requests that the court issue a subpoena to California Prison Focus for a copy of their 2006 report.  Plaintiff states that the document details the abuses at Corcoran Prison from hundreds of prisoners and over several years, and is relevant for the purpose of identifying witnesses, and identifying other incidents involving the defendants.

The normal discovery process is available to plaintiff to identify possible witnesses to the

1   March 31, 2004 incident, and defendants indicate that they have produced the relevant CDC-837

2   incident report in response to plaintiff's written discovery, which contains the names of individuals

3   who witnessed or were involved in the incident at issue.

4        Further, it appears that the publications produced by California Prison Focus are available

5   for purchase, and therefore are equally available to the parties. Plaintiff should contact California

6   Prison Focus to order copies of the documents he seeks.  Plaintiff's request for a subpoena duces

7   tecum is denied.

8        3.   <u>Plaintiff's Request for Documents Held by the Federal Bureau of Investigation,</u>

9           <u>Fresno Field Office.</u>

10        Plaintiff requests "any and all complaints of the use of excessive force in the Security

11   Housing only of the California State Prison at Corcoran" in the possession of the Federal Bureau of

12   Investigation, Fresno Field Office.  Plaintiff states that these documents are relevant to demonstrate

13   the widespread knowledge of superiors that their staff used force as sport, to demonstrate the culture

14   of terror, and for credibility purposes.

15        First, plaintiff's request is overbroad.  Second, the court questions the relevance of the

16   documents sought by plaintiff, particularly since plaintiff's claims against the supervisory defendants

17   named in his fourth amended complaint were dismissed by the court's order filed December 27,

18   2006.  (Doc. 163).

19        Plaintiff's request for a subpoena duces tecum is denied.

20        4.   <u>Plaintiff's Request for Special Masters Report</u>

21        Plaintiff requests a copy of the Special Master's Report in <u>Madrid v. Tilton,</u> #C-90-3094-TET

22   at the United States District Court, Northern District.

23        The Clerk's Office does not provide free copies of documents.  Copies up to 20 pages may

24   be made to the Clerk's Office at a charge of $.50 per page.  Further, plaintiff's in forma pauperis

25   status does not include the cost of copies.  The document sought is equally available to all parties,

26   and if plaintiff wishes to obtain the Special Master's Report, he must contact the Clerk's Office and

27   pay the appropriate fee.  A subpoena duces tecum is not the appropriate method of obtaining these

28   documents.  Plaintiff's request for a subpoena is denied.

1        5.    <u>Plaintiff's Request for Report on the Accountability at Corcoran Prison.</u>

2        Plaintiff requests a subpoena duces tecum commanding the California Inspector General to

3   produce a copy of the Accountability Audit and Review Report of Corcoran Prison.  It appears that

4   the document requested by plaintiff is publicly available.  Plaintiff should contact the Office of the

5   Inspector General to inquire about obtaining a copy of the report sought.  Plaintiff's motion for a

6   subpoena duces tecum is denied.

7        6.    <u>Plaintiff's Requests "Held in Abeyance"</u>

8        Plaintiff states that his last three requests for the issuance of subpoenas duces tecum are

9   conditional upon the granting of "an anticipated motion to amend complaint relating back to the

10  dismissal of Superior Defendants Director of Corrections, and Warden of Corcoran Prison, F.R.C.P.

11  15(c)".

12       Plaintiff's motion to amend his fourth amended complaint, filed November 2, 2007, was

13  denied by the court's order issued May 12, 2008 (Docs. 208, 244).[1]  Accordingly, plaintiff's motions

14  for the issuance of subpoenas duces tecum, which he states are conditional upon him amending his

15  complaint, are denied as moot.

16       IT IS SO ORDERED.

17       **Dated:   June 4, 2008**            **/s/ Dennis L. Beck**
18                                   UNITED STATES MAGISTRATE JUDGE

19

20

21

22

23

24

25

26

27       [1] Plaintiff's motion is entitled "Notice of Intent to Amend Complaint Relating Back Based Upon the Recent
    Ruling U.S. Supreme Court Ruling Jones v. Bock 127 S. Ct. 910 (January 2007) After Completion of Discovery".
28  (Doc. 208).