IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ROBERT D. GIBSON,**<br><br>                                   Plaintiff,<br><br>           v.<br><br>**BEER, et al.,**<br><br>                                   Defendants. | Case No.: 1:03-CV-05445 OWW DLB P<br><br>ORDER PROHIBITING PLAINTIFF FROM FILING FURTHER NON-DISPOSITIVE MOTIONS WITHOUT FIRST OBTAINING LEAVE OF COURT<br><br>ORDER PROHIBITING PLAINTIFF FROM FILING ADDITIONAL DISPOSITIVE MOTIONS. |

Plaintiff Robert Gibson ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action. This matter is proceeding on plaintiff's fourth amended complaint against defendants Beer, Gonzales and Hayward concerning an incident on March 31, 2004.

On August 7, 2007, this court issued a Discovery and Scheduling Order setting the discovery deadline for April 11, 2008, and the dispositive motion deadline for June 11, 2008 (Doc. 182).[1] Although the discovery deadline has long passed, a review of the court docket reveals that several discovery motions remain outstanding. This action was filed in 2003, is over five years old, and is continually delayed by plaintiff's constant filing of notices and motions. In June 2008 alone, plaintiff filed thirteen (13) notices or motions, including three "Motions in Limine", two motions

---

1. By order issued May 30, 2008, this court granted defendants a forty-five day extension of time to file a dispositive motion. (Doc. 258).

1

1 for summary judgment, and one document wherein plaintiff disclaims any knowledge of motions he
2 previously filed. (Docs. 274, 275, 276, 278, 279, 277).

3     Plaintiff is advised that the filing of improper documents has the effect of slowing down the
4 judicial process for all parties litigating actions in this court and will not be tolerated by the court.
5 The court is in the process of reviewing plaintiff's five outstanding motions to compel filed with this
6 court, as well as his two requests to extend the discovery deadline. Until such time as the court has
7 issued orders regarding these discovery issues, plaintiff may not file any further non-dispositive
8 motions <u>without first obtaining leave of court</u>. Further, as plaintiff has already filed two separate
9 documents that he describes as motions for summary judgment, he may not file any further
10 dispositive motions until all discovery issues are resolved.

11     The federal courts have the inherent power to sanction parties for bad faith conduct in litigation
12 or for wilfully disobeying a court order. See <u>Chambers v. NASCO, Inc</u>. (1991) 501 US 32, 43, 111
13 S.Ct. 2123, 2132; see also <u>Roadway Express, Inc. v. Piper</u> (1980) 447 US 752, 764-766, 100 S.Ct.
14 2455, 2463-2464. Plaintiff was previously warned that any further inappropriate behavior or abuse
15 of the litigation process would result in the issuance of appropriate sanctions, up to and including
16 the dismissal of the action. (Doc 249). Plaintiff is now expressly cautioned that <u>any further abuse</u>
17 <u>of the litigation process, including a failure to obey this instant order, will result in the issuance of</u>
18 <u>Findings and Recommendations recommending that this action be dismissed.</u>

19     IT IS SO ORDERED.

20     Dated: **June 30, 2008**          **/s/ Dennis L. Beck**
                                         UNITED STATES MAGISTRATE JUDGE