# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT D. GIBSON, | CASE NO. CV-F-03-5445 OWW DLB P |
| Plaintiff, | ORDER RE PLAINTIFF'S MOTIONS TO COMPEL PRODUCTION OF INMATE GRIEVANCES AND CRIME INCIDENT REPORTS |
| vs. | |
| BEER, et al., | [Docs. 223, 225] |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on plaintiff's fourth amended complaint filed April 21, 2005, against defendants Beer, Gonzales and Hayward ("defendants") for allegedly using excessive force in violation of the Eighth Amendment. On February 4, 2008, plaintiff filed a motion to compel production of all inmate CDC-602 grievances claiming excessive force by defendants at Corcoran State Prison and various CDC-837 crime incident reports. Plaintiff resubmitted the motion on February 25, 2008.

**1.    CDC 602- Inmate Grievances**

Plaintiff requests "all inmate CDC-602 grievances claiming excessive use of force by the defendants at Corcoran State Prison." Defendants objected to the request as duplicative of a prior request, overbroad, burdensome and a request for improper character evidence. Defendants further objected on the grounds that the request seeks information not relevant to any claim or defense in this action.

Plaintiff's request is potentially duplicative of his request for "all complaints related to defendants" which is addressed in a separate Order. Plaintiff's request for *all* inmate 602's claiming

excessive force by defendants is overly broad. Plaintiff's request must be narrowed to a specific time period. The events giving rise to the claims against the defendants in this action occurred on March 31, 2004. Accordingly, the documents requested by plaintiff are limited to the time period between March 2003 and December 2004. Defendants shall produce the relevant documents, if any, within 30 days from the date of service of this order. Defendants may redact from the relevant documents any information relating to the identities of third parties or personal information of the defendants. Defendants are not required to produce documents which were already provided to plaintiff in response to the Court's May 30, 2008 Order or in response to a separate request.

**2.    CDC-837 Crime Incident Reports.**

Plaintiff requests copies of CDC 837 incident reports involving the following inmates at Corcoran Security Housing Unit: Kevin Fields (P-83425); Lonnie Williams (T-54378); Donald Glass (D-54799); Roderick Washington (E-87177); Spencer Allen (C-82215); Thomas (T-67081); Schlapfer (J60601); Nguyen (T-09604); Shaw (P-35617); Garibay (T-00990); Jenkins (V-12849); Lee (E-13832); Carter (P-86211); John Martinez (J-52893); Sander (P-36470).

Plaintiff has failed to demonstrate the relevancy of the requested reports which appear to concern unrelated incidents and individuals who are not parties to this case. Plaintiff states generally that he needs the documents to show a pattern and practice of brutality by staff members; however, he fails to demonstrate the relevancy of the reports to his specific claims for individual liability against the defendants in this case. Plaintiff's claim relates to a March 31, 2004 incident involving plaintiff and defendants Beer, Gonzales and Hayward. Plaintiff has made no showing or even argued that the requested reports involve any of the parties in this case.

Based on the foregoing, it is HEREBY ORDERED that Plaintiff's February 4, 2008 motion to compel production of documents, resubmitted on February 25, 2008 is granted in part as discussed herein.

IT IS SO ORDERED.

Dated:   **August 28, 2008**           **/s/ Dennis L. Beck**
                                              UNITED STATES MAGISTRATE JUDGE