IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT D. GIBSON, | CASE NO. CV-F-03-5445 OWW DLB P |
| Plaintiff, | ORDER RE: PLAINTIFF'S MOTIONS TO COMPEL |
| vs. | |
| BEER, et al., | [Doc. 206, 207] |
| Defendants. / | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on plaintiff's fourth amended complaint filed April 21, 2005, against defendants Beer, Gonzales and Hayward ("defendants") for allegedly using excessive force in violation of the Eighth Amendment. On October 29, 2007, plaintiff filed a motion to compel production of documents from defendants. Plaintiff resubmitted the motion on November 2, 2007. Defendants filed an opposition on November 20, 2007.

In this motion, plaintiff asserts that he is entitled to the production of the personnel files of the defendants; legislative hearing records; reports and memorandums from a warden's conference held in Sacramento on April 1, 2004; miscellaneous CDC-837 crime incident reports; case files from *Brown v. Valoff, Krupp v. CDC* and *Hinchee v. CDCR;* and miscellaneous complaints filed against defendants and other officers involved in the March 31, 2004 incident.

1

1. **Personnel Files**

Plaintiff asks the Court to compel the production of personnel files and Internal Affairs histories of defendants and other officers who were involved in the March 31, 2004 incident. This request is duplicative of a prior motion to compel filed by plaintiff on October 22, 2007. On May 30, 2008, the Court issued an order granting the motion in part and ordering defendants to produce some of the documents requested. This portion of the present motion is therefore moot.

2. **Legislative Hearing Records**

Plaintiff seeks a subpeona for the production of records from a January 16, 2004 hearing at the State Capital Senate Committee on Public Safety and the testimony of Edward Alameida and Jeanne Woodford. On June 5, 2008, the Court denied plaintiff's motion for a subpoena of the same documents. Therefore, this request is also moot.

3. **Miscellaneous Records, Reports and Memorandum from Warden's Conference held in Sacramento on April 1, 2004**

Plaintiff argues these records are relevant to the training, policy and supervision of the defendants. Defendants argue the documents are not relevant to any claim or defense in this excessive force case. Notwithstanding their relevance objection, defendants responded that after reasonable inquiry, the documents requested were not in their possession, custody or control.

In response to a Rule 34 request, a party must produce non-privileged documents in their "possession, custody or control." FRCP 34(a). On a motion to compel, the burden is on the party seeking discovery to produce facts showing the responding party has the requisite possession, custody or control. Plaintiff has submitted no evidence or argument demonstrating that defendants have possession, custody or control of the documents. Plaintiff's request is therefore denied.

4. **CDC-837 Crime Incident Reports.**

Plaintiff requests the following incident reports: (1) James L. Thompson, June 2003; (b) Leon P. Haney, December 9, 2003; (c) Gulronsone #H-52054, September 5, 2003; (d) Charles Kinsey, July 11, 2004; (e) John Martinez, #J-52893; (f) Preston Tate, June 19, 1994; and (g) Anthony Hughes #E-21168, March 15, 2003. Defendants objected to the requests arguing the documents were irrelevant and involve confidential information relating to inmates and incidents which are not a part of this case.

Notwithstanding their objections, defendants produced the CDC-837 incident report for plaintiff's March 31, 2004 incident. Plaintiff argues the reports are relevant to show the pattern and practice of brutality toward prisoners by staff members at CSP Corcoran.

Plaintiff has failed to demonstrate the relevancy of the requested reports which concern unrelated incidents and individuals who are not parties to this case. Plaintiff states generally that he needs the documents to show a pattern and practice of brutality by staff members; however, he fails to demonstrate the relevancy of the reports to his specific claims for individual liability against the defendants in this case. Plaintiff's claim relates to a March 31, 2004 incident involving plaintiff and defendants Beer, Gonzales and Hayward. Plaintiff has made no showing or even argued that the requested reports involve any of the parties in this case.

**5.    Case File from *Brown v. Valoff, Krupp v. CDC* and *Hinchee v. CDCR***

Plaintiff requests the pleadings from these actions for the purpose of showing "tactics and policy of the defendants" and "the culture of corruption and how long it has existed and the actual bureaucracy that condones dishonest acts and rewards them." Defendants objected to the requests on the grounds that they sought information not relevant to a claim or defense in this action. Notwithstanding their objection, defendants responded that they did not have possession, custody or control of the documents.

The documents requested by plaintiff are pleadings from court actions unrelated to this case. Plaintiff has not demonstrated that defendants have the requisite possession, custody or control of these documents. Court dockets are a matter of public record, and copies up to 20 pages may be made by the Clerk's Office at a charge of $.50 per page. For larger copy orders, plaintiff may contact Attorney's Diversified Service (ADS) by writing to them at 741 N. Fulton Street, Fresno, CA 93728, by phoning 1-800/842-2695, by Faxing a request to 559/486-4119, or by leaving a voice mail at 559/259-8544.

**6.    Miscellaneous Complaints Against Defendants**

Plaintiff requests "any and all complaints or other documents . . . concerning the defendants and other officers involved in the incident . . ." Defendants objected to the requests as vague, ambiguous and overbroad as to time and scope. Defendants further objected on the grounds that the requests sought information not relevant to any claim or defense in this action.

As discussed in the Court's May 30, 2008 Order granting in part plaintiff's request for production

1  of defendants' personnel files, plaintiff's request for *all* documents related to complaints about
2  defendants is overly broad.  Plaintiff's request must be narrowed to include only documents regarding
3  complaints or discipline against the defendants relating to incidents that are factually similar to
4  plaintiff's allegations in the instant action.  Further, plaintiff's request must be narrowed to a specific
5  time period.  The events giving rise to the claims against the defendants in this action occurred on March
6  31, 2004.  Accordingly, the documents requested by plaintiff are limited to the time period between
7  March 2003 and December 2004.  Defendants shall provide plaintiff with the relevant documents
8  requested, if any within 30 days from the date of service of this order.  Defendants may redact from the
9  relevant documents any information relating to the identities of third parties or personal information of
10 the defendants.  Defendants are not required to produce documents which were already provided to
11 plaintiff in response to the Court's May 30, 2008 Order.

12         Based on the foregoing, it is HEREBY ORDERED that Plaintiff's October 29, 2007 motion to
13 compel production of documents, resubmitted on November 2, 2007, is granted in part as discussed in
14 this Order.

15         IT IS SO ORDERED.

16         **Dated:   August 28, 2008**              /s/ **Dennis L. Beck**
                                                    UNITED STATES MAGISTRATE JUDGE