UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT D. GIBSON, | CASE NO. 1:03-CV-5445 OWW DLB P |
| Plaintiff, | FINDINGS AND RECOMMENDATION THAT PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF BE DENIED |
| v. | |
| BEER, et al., | (Doc. 252) |
| Defendants. | ORDER DENYING PLAINTIFF'S MOTION TO RE-OPEN DISCOVERY |
| | (Doc. 253) |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. section 1983. This action is proceeding on plaintiff's fourth amended complaint filed April 21, 2005, against defendants Beer, Gonzales and Hayward ("defendants") for allegedly using excessive force in violation of the Eighth Amendment. On May 20, 2008, plaintiff filed a motion entitled "Motion for Sanction on Defendants Counsel for $3000.00 Private Investigator Fee to replace witness information". Plaintiff also filed a request to re-open discovery (Docs. 252, 253).

///

1    Plaintiff states that on May 9, 2008, plaintiff's cell was searched by two correctional officers, neither of whom are parties to this action. Plaintiff states that information regarding his witnesses in this case was taken from his cell, and contends that the two correctional officers took these materials. Plaintiff requests a court order requiring the two correctional officers and also defendants' former counsel to return his information, or pay him $3000.

Plaintiff further requests that the court re-open discovery so that plaintiff may propound interrogatories upon the two correctional guards.

**1.    Motion for Return of Documents or Monetary Sanctions**

In accordance with the Court's general practice, the motion is treated as one seeking a preliminary injunction.

The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). A preliminary injunction is available to a plaintiff who "demonstrates either (1) a combination of probable success and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardship tips in its favor." Arcamuzi v. Continental Air Lines, Inc., 819 F. 2d 935, 937 (9th Cir. 1987). Under either approach the plaintiff "must demonstrate a significant threat of irreparable injury." Id. Also, an injunction should not issue if the plaintiff "shows no chance of success on the merits." Id. At a bare minimum, the plaintiff "must demonstrate a fair chance of success of the merits, or questions serious enough to require litigation." Id.

Federal courts are courts of limited jurisdiction, and as a preliminary matter, the Court must have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982); Jones v. City of Los Angeles, 444 F.3d 1118, 1126 (9th Cir. 2006). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id. "A federal court may issue an injunction *if* it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may *not* attempt to determine the rights of persons not before the court." Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir.

1985) (emphasis added).

In this instance, Plaintiff's claim against defendants arises from an incident of alleged excessive force. The Court does not have jurisdiction in this action to issue the order sought by Plaintiff, as the case or controversy requirement cannot be met in light of the fact that the issue Plaintiff seeks to remedy in his motion bears no relation to the event giving rise to this suit.  Further, the court has no jurisdiction over individuals not before the court.

For these reasons, the court recommends that plaintiff's motion for the Return of documents or money damages, filed May 20, 2008, be DENIED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

**2.      Motion to Re-open Discovery**

Plaintiff seeks to propound discovery upon the two correctional guards.  Plaintiff is advised that interrogatories may only be served on another party in the action.  F.R.C.P. 33(a)(1).  The two corrections guards whom plaintiff asserts conducted the cell search are not parties in this action. Interrogatories cannot be served on any non-party witnesses.

Accordingly, plaintiff's motion to re-open discovery for this purpose is HEREBY DENIED.

IT IS SO ORDERED.

Dated:   **August 28, 2008**              **/s/ Dennis L. Beck**
                                          UNITED STATES MAGISTRATE JUDGE