IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| **ROBERT D. GIBSON,** | ) | No. CV-F-03-5445 OWW/DLB |
| | ) | |
| | ) | ORDER DENYING PLAINTIFF'S |
| | ) | REQUEST FOR RECONSIDERATION |
| **Plaintiff,** | ) | BY DISTRICT JUDGE OF |
| | ) | MAGISTRATE JUDGE'S AUGUST |
| **vs.** | ) | 28, 2008 ORDER RE |
| | ) | PLAINTIFF'S MOTION TO COMPEL |
| | ) | (Doc. 306) |
| **R.W. BEER, et al.,** | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |
| | ) | |

On August 28, 2008, Magistrate Judge Beck issued an Order, (Doc. 296; hereafter the August 28 Order), granting in part and denying in part Plaintiff's motions to compel, (Docs. 206 & 207).

Pursuant to the "mailbox rule," Plaintiff timely filed a request for reconsideration by the District Court of the August 28 Order.

A request for reconsideration by the District Court of a Magistrate Judge's Order is reviewed under the "clearly erroneous or contrary to law" standard set forth in 28 U.S.C. § 636(b)(1)(A). Rule 72-303(f), Local Rules of Practice. The

1

"clearly erroneous" standard applies to a Magistrate Judge's findings of fact. *Concrete Pipe & Prods. v. Constr. Laborers Pension Trust*, 508 U.S. 602, 623 (1993). "A findings is 'clearly erroneous' when although there is evidence to support it, the reviewing [body] on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Id.* at 622. The "contrary to law" standard allows independent, plenary review of purely legal determinations by the Magistrate Judge. *FDIC v. Fidelity & Deposit Co. of Md.*, 196 F.R.D. 375, 378 (S.D.Cal.2000); *Haines v. Liggett Group, Inc.*, 975 F.2d 81, 91 (3rd Cir.1992). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *DeFazio v. Wallis*, 459 F.Supp.2d 159, 163 (E.D.N.Y.2006).

1. **Personnel Files**.

Plaintiff's motions to compel sought production of personnel files and Internal Affairs histories of Defendants and other officers involved in the March 31, 2004 incident. The August 28, 2008 Order ruled:

> This request is duplicative of a prior motion to compel filed by plaintiff on October 22, 2007. On May 30, 2008, the Court issued an order granting the motion in part and ordering defendants to produce some of the documents requested. This portion of the present motion is moot.

In his request for reconsideration, Plaintiff asserts that "to date [he] has not received anything." Plaintiff contends:

> [T]he Attorney General served a one page

> letter, stating there was no information, considering this was not given under the penalty of perjury and these are unscrupulous [sic] state officials this piece of paper is a violation of the court's order June 30, 2008 [sic] and a violation of Federal Discovery Rules as a whole. Plaintiff wasn't even given a copy of whatever it was that the Attorney General reviewed to reach her conclusion. The plaintiff again asserts and claims he is entitled to the entire personnel files and the magistrate is in err [sic] in blocking access.

Magistrate Beck's May 30, 2008 Order, (Doc. 261), ruled:

> Plaintiff's request for the entire personnel files of the defendants is overbroad and irrelevant. Consequently, plaintiff's request must be narrowed to include only documents regarding discipline against the defendants relating to incidents that are factually similar to plaintiff's allegations in the instant action. Further, plaintiff's request must be narrowed to a specific time period. The events giving rise to the claims against the defendants in this action occurred on March 31, 2004. Accordingly, the documents requested by plaintiff are limited to the time period between March 2003 and December 2004. Defendants shall provide plaintiff with the relevant documents requested, if any, within 30 days from the date of service of this order. Defendants may redact from the relevant documents any information relating to the identities of third parties or personal information of te defendants.

Plaintiff's contention that he is entitled to the entire personnel files is an untimely request for reconsideration of Magistrate Beck's May 30, 2008 Order. Pursuant to Rule 72-303(b), Local Rules of Practice, a Magistrate Judge's rulings are final if no request for reconsideration by the District Court is filed within ten court days from the date of service.

Plaintiff's request for reconsideration on this ground is DENIED.

Plaintiff's complaint that the Attorney General responded to the May 30, 2008 Order with a letter stating that there is no information from the personnel files within the required time frame is not a basis for reconsideration of the August 28 Order. The Attorney General, as an officer of the Court, made this representation, and it is accepted. Neither the Magistrate Judge nor the Court can compel production of information that does not exist. Plaintiff's request for reconsideration on this ground is DENIED.

**2.   Legislative Hearing Records.**

Plaintiff moved for a subpoena for the production of records from a January 16, 2004 hearing at the State Capitol Senate Committee on Public Safety and the testimony of Edward Alameida and Jeanne Woodford. In the August 28 Order, Magistrate Beck noted that he had denied Plaintiff's motion for a subpoena of the same documents by Order filed on June 5, 2008, (Doc. 264), and denied the request as moot.

The June 5, 2008 Order ruled:

> Plaintiff requests that court [sic] issue a subpoena for 'any and all records from a January 14, 2004, hearing at the State Capitol Senate Committee on Public Safety, and the testimony of Edward Alameida and Jeanie Woodford former Directors of Corrections.' ... Plaintiff also requests the same records for March 23, 2004 ... Plaintiff states that these documents are relevant in order to show the 'powerful culture of corruption and lack of supervision', and to ascertain his punitive damages.

>     Plaintiff's action is proceeding only on his
>     excessive force claim against defendants
>     Beer, Gonzales and Hayward for an incident
>     that occurred on March 31, 2004, and the
>     court questions the relevance of the
>     documents requested by plaintiff.  Second,
>     notwithstanding these concerns, plaintiff's
>     request for any and all records related to a
>     State Capitol Senate Committee Hearing is
>     unduly broad.  Third, these documents concern
>     matters of public record and plaintiff should
>     contact the appropriate government agency to
>     inquire into obtaining the documents sought.
>     Accordingly, plaintiff's request for a
>     subpoena duces tecum is denied.

Plaintiff asserts that he has written numerous letters to the Senate Safety Committee Office and has yet to receive a response.  He asserts that he is unable to use the prison telephone to call the Senate Safety Committee Office.  He argues that there is no reasonable way to obtain the material except by subpoena duces tecum and contends:

>     If the court refuses to do so, then at trial
>     the jurors will be told this under sworn
>     testimony by the plaintiff and asked to
>     demand this information.  The magistrate is
>     not undermining this plaintiff, he is
>     undermining the court's appearance to the
>     public of honesty and integrity.

Plaintiff's contention that he is entitled to a subpoena duces tecum for this material is again an untimely request for reconsideration of Magistrate Beck's June 5, 2008 Order.  The June 5, 2008 Order ruled that the material sought by Plaintiff was of questionable relevance and that Plaintiff's request was overbroad.  The June 5, 2008 Order is now final.  Plaintiff's assertion that he will testify at trial that his motion to compel was denied by the Court and that the jury will be asked to demand

5

1  this information is baseless and ignores the rules of evidence
2  and trial procedure.  Plaintiff may present at trial only
3  admissible, relevant evidence as determined by the trial judge;
4  the jury may consider only the evidence that is properly admitted
5  at trial.
6      Plaintiff's request for reconsideration is DENIED.
7      3.  <u>Warden's Conference</u>.
8      Plaintiff moved to compel production of miscellaneous
9  records, reports and memorandum from a Warden's Conference held
10 in Sacramento on April 1, 2004.  In the August 28 Order,
11 Magistrate Judge Beck ruled:

> Plaintiff argues these records are relevant to the training, policy and supervision of the defendants.  Defendants argue the documents are not relevant to any claim or defense in this excessive force case. Notwithstanding their relevance objection, defendants responded that after reasonable inquiry, the documents requested were not in their possession, custody or control.
>
> In response to a Rule 34 request, a party must produce non-privileged documents in their 'possession, custody or control.'  FRCP 34(a).  On a motion to compel, the burden is on the party seeking discovery to produce facts showing the responding party has the requisite possession, custody or control. Plaintiff has submitted no evidence or argument demonstrating that defendants have possession, custody or control of the documents.  Plaintiff's request is therefore denied.

    In Plaintiff's request for reconsideration, Plaintiff
asserts that the meeting was held at the California Department of
Corrections headquarters and that "these records are within the

6

1 scope of discovery." Plaintiff contends that "this will be
2 presented to jurors at trial."
3     Plaintiff's request for reconsideration is DENIED.
4 Plaintiff has not presented evidence that contradicts Defendants'
5 representation to the Magistrate Judge that Defendants do not
6 have possession, custody or control of the requested documents.
7 Again, Plaintiff's evidence at trial will consist of admissible,
8 relevant evidence as determined by the trial judge.
9     **4.   CDC-837 Crime Incident Reports**.
10     In his motions to compel, Plaintiff sought production of
11 CDC-834 Crime Incident Reports for (1) James L. Thompson, June
12 2003; (2) Leon P. Haney, December 9, 2003; (c) Gulronsone #H-
13 52054, September 5, 2003; (d) Charles Kinsey, July 11, 2004; (e)
14 John Martinez, #J-52893; (f) Preston Tate, June 19, 1994; and (g)
15 Anthony Hughes, #E-21168, March 15, 2003. Although Defendants
16 that these reports were irrelevant and involved confidential
17 information relating to inmates and incidents not part of this
18 case, Defendants the CDC-834 report for Plaintiff's March 31,
19 2004 incident. Plaintiff argued in his motions to compel that
20 the incident reports are relevant to show a pattern and practice
21 of brutality toward prisoners by staff members at CSP Corcoran.
22     In the August 28 Order, Magistrate Judge Beck ruled:

> Plaintiff has failed to demonstrate the
> relevancy of the requested reports which
> concern unrelated incidents and individuals
> who are not parties to this case. Plaintiff
> states generally that he needs to documents
> to show a pattern and practice of brutality
> by staff members; however, he fails to

> demonstrate the relevancy of the reports to his specific claims for individual liability against the defendants in this case. Plaintiff's claim relates to a March 31, 2004 incident involving plaintiff and defendants Beer, Gonzales and Hayward. Plaintiff has made no showing or even argued that the requested reports involve any of the parties in this case.

In his request for reconsideration, Plaintiff asserts that he "believes the defendants are involved in these incidents, but has no way of confirming this without those reports." Plaintiff contends that "this is why is was never stated in the initial discovery requests, because that is the purpose of discovery to find out if its usable information and relevant at trial."

Plaintiff's request for reconsideration is DENIED. Plaintiff admits that he has no basis, other than his suspicion and belief, that any of the defendants in this action were involved in the requested CDC-834 incident reports. Discovery is not a fishing expedition to be conducted on the basis of speculation. Plaintiff has not demonstrated that Magistrate Beck's ruling was clearly erroneous or contrary to law.

   5.   **Case File from *Brown v. Valoff, Krupp v. CDC,* and *Hinchee v. CDCRA*.**

Plaintiff's motions to compel requested discovery of the pleadings in these actions for the purpose of showing "tactics and policy of the defendants" and "the culture of corruption and how long it has existed and the actual bureaucracy that condones dishonest acts and rewards them." In the August 28 Order, Magistrate Judge Beck ruled:

> The documents requested by plaintiff are pleadings from court actions unrelated to this case. Plaintiff has not demonstrated that defendants have the requisite possession, custody or control of these documents. Court dockets are a matter of public record and copies up to 20 pages may be made by the Clerk's Office at a charge of $.50 per page. For large copy orders, plaintiff may contact Attorney's Diversified Services (ADS) by writing them at 741 N. Fulton Street, Fresno, CA 93728, by phoning 1-800-842-2695, by Faxing a request to 559-486-4119, or by leaving a voice mail at 559/259-8544 [sic].

In his request for reconsideration, Plaintiff asserts that "the jurors will be told of the existence of these files by testimony at trial and requested to demand this information, since if was requested before trial started and it is relevant."

Plaintiff's request for reconsideration is DENIED. Plaintiff makes no showing that any pleadings or orders from these cases is remotely relevant to his claim of excessive force. Plaintiff must understand that only admissible, relevant evidence, as determined by the trial judge, will be permitted at trial and that the jury may consider only evidence that has been admitted at trial in reaching its verdict.

For the reasons stated:

1.  Plaintiff's request for reconsideration by the District Court of Magistrate Judge Beck's August 28, 2008 Order is DENIED;

2.  The case is remanded to the Magistrate Judge for futher proceedings.

///
///

9

IT IS SO ORDERED.

**Dated:   November 13, 2008**             /s/ Oliver W. Wanger
                                           UNITED STATES DISTRICT JUDGE