# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT D. GIBSON,<br><br>        Plaintiff,<br><br>    v.<br><br>BEER, et al.,<br><br>        Defendants.<br>_____/ | CASE NO. 1:03-CV-5445 OWW DLB-P<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT PLAINTIFF'S MOTIONS FOR SUMMARY JUDGMENT BE DENIED<br><br>(Docs. 275, 276, 278 and 279) |

**Findings and Recommendations on Plaintiff's Motions for Summary Judgment/Summary Adjudication**

Plaintiff Robert D. Gibson ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on plaintiff's fourth amended complaint, filed April 21, 2005, against defendants Beer, Gonzales and Hayward ("defendants"). On June 16 and 24, 2008, plaintiff filed four separate motions for summary judgment. (Docs. 275, 276, 278 and 279). Defendants did not file a response or opposition.

On July 11, 2008, defendants also moved for summary judgment. Defendants' motion shall be resolved in a Findings and Recommendations issued separately.

**A.    Documents 275, 276 and 279**

In his first motion (Doc. 275), plaintiff requests judgment against defendants previously dismissed from this action. Plaintiff states that he intends to present oral arguments in support of his motion at the pre-trial conference. Document 276 appears to be a duplicate of Document 275,

without the exhibits.

Document 279 is titled "Motion for Summary Judgment Based Upon the Use of False Affidavit by Defendants to Support Motion to Dismiss 12(b)(1) F.R.C.P. #56(g) & #11". Plaintiff again seeks summary judgment against defendants previously dismissed from this action.

First, despite plaintiff's assertion that he will present oral arguments at the next pre-trial conference, plaintiff's motions are submitted on the record without oral argument. <u>Local Rule 78-230(m)</u>.

Second, many of the defendants against whom plaintiff seeks summary judgment have been dismissed from this action (ie., defendants Lawton, Hass, See, Rousseau, Yamamoto, Dill, Ortiz and Scribner), and plaintiff cannot now move for summary judgment against them. Plaintiff also seeks summary judgment against individuals whom it appears were never parties to this action (Directors Edward Alameida and Jeanie Woodford). Plaintiff also seeks summary judgment against defendant Beer, who is still a party in this action, but for a claim that was previously dismissed. (Doc. 163).

Plaintiff may not seek summary judgment against non-parties or for claims/defendants that have previously been dismissed from this action. Accordingly, the Court recommends that plaintiff's motions for summary judgment, specifically documents 275, 276 and 279, be DENIED.

**B.    Document 278**

Plaintiff's "Motion for Summary Judgement Adjudication of Facts in Support of Motion". consists of eleven statements for which plaintiff's seeks summary adjudication.

It is unclear to the Court whether the document filed is a separate motion for summary judgment, or a document filed in support of one of the other motions for summary judgment filed by plaintiff. The Court construes this document as a separate motion for summary judgment/ adjudication.

The function of a motion for summary judgment is to dispose of all or part of the opposing party's claims. Fed. R. Civ. P. 56(a). Summary judgment is appropriate when it is demonstrated that there exists no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).

In reviewing plaintiff's motion, it appears that plaintiff misunderstands the purpose of a

motion for summary judgment /adjudication. In his motion, plaintiff requests the Court find that:

- Plaintiff's grievances #CSP-C-02-02485 and Csp-Cor-04-1416 filed in June of 2002 and March 2004 and at issue in this action were designated by prison officials as "Staff Complaints";

- "Staff Complaints" under Prison Regulations, departmental operations manual are the sole responsibility of the Office of Internal Affairs;

- The State Attorney's office knew this and did perpetrate a fraud on the Court by presenting and passing off the declaration of Noel Grannis as the final 'determinator' of Inmate "Staff Complaints";

- <u>Brown v. Valoff</u> 422 F. 3d. 926, (9th Cir 2005) is controlling in this case and court;

- The State Attorney has no prosecutorial immunity during a civil defense function of its office, and any liability connected with that function due to unethical acts attributed to them during this litigation;

- The plaintiff has been prejudiced by the fraud and delay in his right to prosecute the Supervisors of the Defendants and others involved in wrongs against him;

- The plaintiff is entitled to the entire personnel files of the defendants on discovery;

- The plaintiff is entitled to re-open discovery on the dismissed defendants for trial on damages;

- The plaintiff is entitled to the personnel files of non-defendant officers on scene or in the area and listed as on duty at the time of the attacks if they are potential witnesses for the defense;

- The plaintiff is entitled to present at trial evidence of habit and routine and practice and limited character evidence; and

- The plaintiff is entitled to present at trial the deception of the State Attorney's Office on the Court.

The relief plaintiff seeks is not properly sought by way of summary judgment. The Court recommends that Plaintiff's motion, reflected in the court docket as Document 278, be DENIED.[1]

///

///

---

[1] Plaintiff's motion also fails to comply with Local Rule 56-260(a), which states that "[e]ach motion for summary judgment or summary adjudication shall be accompanied by a 'Statement of Undisputed Facts' which shall enumerate discretely each of the specific material facts relied upon in support of the motion and cite the particular portions of any pleading, affidavit, deposition interrogatory answer, admission or other document relied upon to establish that fact."

**C.    Conclusion**

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **November 24, 2008**                        /s/ **Dennis L. Beck**
                                                                                      UNITED STATES MAGISTRATE JUDGE