# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT D. GIBSON,<br><br>           Plaintiff,<br><br>   v.<br><br>BEER et. al.,<br><br>           Defendants.<br>_____/ | CASE NO. 1:03-cv-5445 OWW DLB PC<br><br>ORDER STRIKING UNSIGNED MOTIONS<br><br>(Docs. 335, 339, 343)<br><br>ORDER PROVIDING TRAVEL EXPENSE FOR PLAINTIFF'S PROPOSED UNINCARCERATED WITNESSES |

**I.     Order Striking Court Documents 335, 339 and 343**

Plaintiff Robert D. Gibson ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On February 10, 2009, Plaintiff filed three unsigned motions. (Docs. 335, 339, 343).

The Court cannot consider unsigned filings. Fed. R. Civ. P. 11(a); Local Rule 7-131. Accordingly, the unsigned motions are HEREBY ORDERED STRICKEN from the record.

**II.    Travel Expenses for Witnesses Special Master John H. Hagar and Special Master Michael S. Keating**

On January 23, 2009, the Court issued its Second Scheduling Order setting this matter for trial on June 16, 2009. In the Order, the Court advised plaintiff of the procedure for obtaining the attendance of unincarcerated witnesses who refuse to testify voluntarily. The Court advised plaintiff that he must first notify the Court in writing of the name and location of each unincarcerated witness and that the Court would then calculate the travel expense for each unincarcerated witness and notify

1

plaintiff of the amount(s).

On February 10, 2009, plaintiff submitted notice of John H. Hagar, Special Master in Coleman v. Schwarzenegger, Case No. Civ. S-90-0520 LKK JFM and Special Master Michael S. Keating as proposed witnesses.[1] (Docs. 337, 338). Plaintiff states that John H. Hagar is also a federal officer in Madrid v. Tilton, Case No. C-90-3094 THE in the Northern District of California. Special Master Hagar is located in San Francisco, California. Plaintiff has not provided a location for Special Master Keating.

Plaintiff was previously advised that the in forma pauperis status does not provide for the payment of witness fees or travel expenses. (Doc. 329). Neither 5 U.S.C. 5537 or 5 U.S.C. 2105 allows for a waiver of these fees.[2] The round trip mileage from San Francisco to Fresno is 374 miles. The mileage rate is $.585 per mile. Accordingly, for each witness from San Francisco, California, plaintiff must submit a money order made payable to the witness in the amount of $258.79 ($40.00 witness fee plus $218.79 mileage).

With respect to Special Master Keating, Plaintiff has not provided a location and therefore, the Court cannot calculate the amount required for the money order.

Plaintiff is reminded that the subpoenas will not be served upon the unincarcerated witness by the United States Marshal unless the money order is tendered to the court. Because no statute authorizes the use of public funds for these expenses in civil cases, the tendering of witness fees and travel expenses is required even if the party was granted leave to proceed in forma pauperis. **If plaintiff wishes to have the Marshal serve any unincarcerated witnesses who refuse to testify voluntarily, plaintiff must submit the money orders to the court no later than the date of the pretrial conference, March 13, 2009.**

///

---

[1] A review of the Court docket in Coleman et. al. v. Schwarzenegger et al., Case No. 2:90-cv-00520 LKK JFM (PC) indicates that neither Hager nor Keating are currently appointed as Special Masters in that proceeding.

[2] 5 U.S.C. 5537(a), which provides that an employee defined by section 2105 or an employee or an individual employed by the government of the District of Columbia may not receive fees for service as a juror or as a witness on behalf of the United States or the District of Columbia, is inapplicable in the instant case. 5 U.S.C. 5537(b), which provides that an official of the Court of the United States may not receive witness fees before a court where he is officiating, is also inapplicable here.

**III.     Travel Expense for California State Library Custodian of Records (Doc. 340)**

Plaintiff requests that "Staff at the California State Library, Information Resources and Government Publications Sections at the State Capitol Courts Building" be subpoenaed.  As Plaintiff was previously advised, he must provide the Court with the name and locations of each unincarcerated witness. It is not clear from reading Plaintiff's motion who he wants subpoenaed. Plaintiff also has not provided an address of service.

Presuming that Plaintiff is referring to the Stanley Most Library and Courts Building, Plaintiff is advised that the round trip mileage from Sacramento, California, 95814, to Fresno is 348 miles.  The mileage rate is $.585 per mile.  Accordingly, for each witness located at the Stanley Most Library and Courts Building in Sacramento, California, Plaintiff must submit a money order made payable to the witness in the amount of $243.58 ($40.00 witness fee plus $203.58 mileage).

Again, Plaintiff is reminded that <u>the subpoenas will not be served upon the unincarcerated witness by the United States Marshal unless the money order is tendered to the court</u>.  Because no statute authorizes the use of public funds for these expenses in civil cases, the tendering of witness fees and travel expenses is required even if the party was granted leave to proceed in forma pauperis. **If plaintiff wishes to have the Marshal serve any unincarcerated witnesses who refuse to testify voluntarily, plaintiff must submit the money orders to the court no later than the date of the pretrial conference, March 13, 2009.**

IT IS SO ORDERED.

**Dated:   February 18, 2009**                    _____/s/ **Dennis L. Beck**_____
                                                                    UNITED STATES MAGISTRATE JUDGE