# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT D. GIBSON, | CASE NO. 1:03-cv-5445 OWW DLB PC |
| Plaintiff, | ORDER FOLLOWING TELEPHONIC TRIAL CONFIRMATION HEARING |
| v. | (Docs. 317, 319, 325, 341, and 351) |
| BEER et. al., | |
| Defendants. | |

Plaintiff Robert D. Gibson ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. A telephonic trial confirmation hearing was held in this matter on March 13, 2009.

**Complaint of Bad Faith (Court Document 317)**

On October 24, 2008, Plaintiff filed a document complaining that defendants were engaging in bad faith discovery by serving a cursory response to Plaintiff's request for a particular interview video or video statement made by inmate Lonnie Williams. Plaintiff complains that the response was not accompanied by a declaration by the Custodian of Records nor by Defendants' Counsel. (Doc. 317).

As discussed at the telephonic trial confirmation hearing, the Attorney General formerly assigned to this matter, as an officer of the Court, made a signed representation, and it is accepted.

1

Plaintiff's complaint of bad faith is DISREGARDED.

**Motion for Finding of Bad Faith** (**Court Document 319**)

On October 27, 2008, Plaintiff filed a request for the identities of inmates redacted from two prisoner grievances produced during discovery. (Doc. 319). As discussed during the telephonic trial confirmation hearing held March 13, 2009 and agreed to by the parties, counsel for defendants shall notify the inmates identified in grievances CSP-COR-04-3495 and CSP-COR-04-3422 immediately by letter of Plaintiff's request. On or before **March 25, 2009**, Counsel for defendants shall release their identities to Plaintiff if no objections are received, or notify the court in writing in the event objections are received.

**Motion for Reconsideration** (**Court Document 325**)

As discussed during the telephonic trial confirmation, based on the issues remaining for trial, Plaintiff's motion for reconsideration of the Court's order denying his motion to appoint Attorney General Edmund Brown as a Court-appointed expert is DENIED. Fed. R. Civ. Pro. 60 (governing motions for reconsideration of final orders and judgments); Local Rule 78-230(k) (governing motions for reconsideration of orders resolving motions).

**Motions for Telephonic Testimony (Court Documents 341, 351)**

On February 10, 2009 and February 26, 2009, Plaintiff filed motions requesting that accommodations be made to allow the following proposed witnesses to testify telephonically at trial: I) Attorney General Edmund G. Brown, ii) Special Master John Henry Hagar; iii) Special Master Michael S. Keating; iv) Congresswoman Jackie Speiers; v) the Chief Librarian of the State Capitol; and vi) the staff of any of the above-listed proposed witnesses. (Docs. 341, 351).

As discussed at the telephonic trial confirmation hearing, based on the issues remaining for trial and based on defendants' stipulation as detailed in the Pre-Trial Order issued separately, (See Pre-Trial Order, p.16, Section XII), Plaintiff's motions are moot.

IT IS SO ORDERED.

Dated: **March 23, 2009**        /s/ **Dennis L. Beck**
                                  UNITED STATES MAGISTRATE JUDGE