IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT D. GIBSON,<br><br>    Plaintiff,<br><br>vs.<br><br>BEER, et al,<br><br>    Defendants.<br>_____/ | CASE NO.: 1:03-cv-5445 OWW DLB (PC)<br><br>**ORDER RE MOTION FOR SECOND TRIAL CONFIRMATION HEARING; RE PLAINTIFF'S MOTIONS FOR WITNESSES; AND RE MOTIONS FOR RECONSIDERATION**<br><br>(Docs. 335, 336, 337, 338, 339, 340, 343, 348, 350, 352, 353, 354, 357, 360, 361, 362, 364, 373, 374, 377 and 379) |

Plaintiff Robert D. Gibson ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action. This action is proceeding on plaintiff's fourth amended complaint, filed April 21, 2005, against defendants Beer, Gonzales and Hayward ("defendants"). This matter is currently set for jury trial commencing June 16, 2009 before the Honorable Judge Oliver W. Wanger. A telephonic trial confirmation hearing was held in this matter on March 13, 2009 before the undersigned.

Amongst the matters resolved at the telephonic trial confirmation hearing, Plaintiff's motions for the attendance of N. Grannis, the Clerk of the Court, Special Master John Hagar, Special Master S. Keating, Receiver J. Kelso Clark and the Secretary of State Archives Department Staff as witnesses at trial were denied on the grounds that, based on the issues remaining for trial, these individuals did not have any relevant and admissible testimony to give.

Plaintiff's motions for the attendance of Jackie Speiers, the Custodian of Records at California State Library, the California State Senate Committee on Public Safety, and State Senator Gloria Romero were denied as unnecessary based on the stipulation agreed to by the parties. (See Doc. 375, Pre-Trial Order, p.12, Section XII).

Now pending before the Court are Plaintiff's motion for a second pretrial conference and motion for reconsideration (Doc. 373); motion for a subpoena commanding the attendance of J. Clark as a witness at trial (Doc. 374); Plaintiff's renewed motion for the attendance of incarcerated witnesses (Doc. 377); and Plaintiff's declaration filed April 13, 2009. (Doc. 379). Defendants did not file oppositions to any of the motions. The motions are deemed submitted. Local Rule 78-230.

**I. Motions for Further Pre-Trial Conference and for Reconsideration (Doc. 373, 374, 377)**

Plaintiff has requested a second pretrial conference in this matter, in order to request revisions to the Pre-Trial order concerning his witness list and to discuss matters that Plaintiff neglected to raise at the first telephonic trial confirmation hearing (e.g, trial clothing). (Doc. 375, p.8). In the instant motions, Plaintiff renews his request for the attendance of two unincarcerated witnesses and eight incarcerated witnesses.

**A. J. Clark Kelso and the Clerk of Court**

With respect to J. Clark Kelso and the Clerk of the Court, Plaintiff's motions for subpoenas commanding their attendance as witnesses at trial were denied during the telephonic trial confirmation hearing on the grounds that neither had any relevant testimony to give regarding the issues remaining for trial. Furthermore, with respect to the Clerk of the Court, Plaintiff was informed that the Court may take judicial notice of documents filed in this court if they are ruled relevant and admissible. Plaintiff's motion for reconsideration is without merit and therefore denied. Fed. R. Civ. Pro. 60 (governing motions for reconsideration of final orders and judgments); Local Rule 78-230(k) (governing motions for reconsideration of orders resolving motions).

///

///

### B. Incarcerated Witnesses

With respect to Plaintiff's renewed request for the attendance of incarcerated witnesses, as discussed during the telephonic trial confirmation hearing, Plaintiff was granted an extension of time to file a renewed motion only for the attendance of the following five inmates: Lonnie Williams, Benjie Brookins, Roderick Washington, and two unidentified inmates. (See Doc. 375, Pre-Trial Order, p. 19, Section XXV). Plaintiff was further informed that he must comply with the procedures set forth in the Second Scheduling Order for obtaining the attendance of incarcerated witnesses. Plaintiff filed two renewed motions.[1] (Doc. 373, 377).

The Court has reviewed the declarations submitted by Plaintiff from his proposed inmate witnesses (Doc. 373), and it appears that only inmate Randy Schlapfer, C.D.C.R. #J-60601, has any knowledge concerning the March 2004 incident upon which this action proceeds. (See Doc. 373, Schlapfer Decl.). Accordingly, the Court grants Plaintiff's motion only with respect to inmate Schlapfer and the Court will issue an amended Pre-Trial Order noting this change in Plaintiff's witness list. With respect to the other inmates, Plaintiff's motion for reconsideration is DENIED WITH PREJUDICE. The deadlines for filing motions for the attendance of incarcerated or unincarcerated witnesses have long since expired and the Court will not entertain or consider any further motions for the attendance of witnesses at trial.

### C. Request for Second Pre-Trial Conference

The Court does not find a second pre-trial conference necessary, and therefore that request is also DENIED.

## II. Order Striking Unsigned Declaration (Doc. 379).

As the parties are well aware, the Court cannot consider unsigned filings. Local Rule 7-131; Fed. R. Civ. P. 11(a). Accordingly, the unsigned declaration filed April 13, 2009 is HEREBY STRICKEN from the record.

///

///

---

[1] Plaintiff's motion filed April 6, 2009 again fails to comply with the requirements set forth in the Second Scheduling Order. (Doc. 377).

### III. Order Directing Clerk of Court to Return Money Order

On April 20, 2009, the Clerk of the Court received a money order for the witness and travel fees for N. Grannis, notwithstanding the fact that Plaintiff's motions for a subpoena commanding her attendance at trial were denied during the telephonic trial confirmation hearing. The Clerk of the Court is directed to return the money order to sender.

IT IS SO ORDERED.

Dated: **May 8, 2009**   /s/ **Dennis L. Beck**
UNITED STATES MAGISTRATE JUDGE