# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT D. GIBSON,<br><br>             Plaintiff,<br><br>      v.<br><br>BEER, et al.,<br><br>             Defendants.<br>_____/ | CASE NO. 1:03-cv-5445 LJO DLB PC<br><br>ORDER FOLLOWING MOTIONS IN LIMINE HEARING HELD ON JUNE 12, 2009<br><br>(Docs. 380, 382, 386-389, 397)<br><br>NOTICE THAT DEFENDANTS' COUNSEL IS TO SEND COPY OF THIS ORDER TO PLAINTIFF BY FAX |

**I.     Procedural History**

Plaintiff Robert D. Gibson ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This matter is set for jury trial on June 16, 2009 at 8:30 a.m. on Plaintiff's remaining claims that defendants Beer, Gonzales and Hayward violated Plaintiff's Eighth Amendment rights by using excessive force against him, and that defendant Beer retaliated against Plaintiff for engaging in protected activities, in violation of the First Amendment. The events at issue allegedly occurred on March 31, 2004, at California State Prison - Corcoran.

On June 12, 2009, the Court held a hearing to resolve the parties' pending motions in limine. (Docs. 380, 382, 386, 387, 388, 389, 397.) Plaintiff Robert Gibson and defendants' counsel Kelli Hammond appeared by telephone. Based on the Court's rulings during the hearing, the following order issues.

///

///

**II.     Defendants' Motions in Limine to Exclude Plaintiff's Trial Exhibits**

    **A.     Plaintiff's Exhibits Not Listed in Pretrial Statement and Pretrial Order**

Defendants request that Plaintiff be precluded from offering any exhibits that were not listed in Plaintiff's Pretrial Statement and in the Court's Amended Pretrial Order.

Plaintiff has submitted several proposed exhibits to the Court that are not listed in Plaintiff's Pretrial Statement and in the Court's Amended Pretrial Order. The parties were advised that only those exhibits listed in the Court's Amended Pretrial Order would be permitted to be offered into evidence. The parties are bound to follow the orders of the Court.

Defendants' request is granted.

    **B.     Relevancy of Plaintiff's Listed Exhibits**

        **1.     Crime/Incident Report dated June 16, 2002**

Plaintiff seeks to introduce a Crime/Incident Report dated June 16, 2002. Defendants contend that (1) Plaintiff has not presented evidence to authenticate it, (2) it is irrelevant, and (3) it contains inadmissible hearsay not subject to any exception.

The Crime/Incident Report is not relevant to the claims remaining in this action.

Defendants' motion to exclude the document is granted.

        **2.     Governor's Independent Panel Report dated June 30, 2004**

During the hearing, Plaintiff argued that the Governor's Independent Panel Report is relevant to show a lack of accountability, supervision and oversight. Defendants contend that the report is irrelevant and that its probative value is substantially outweighed by the danger of unfair prejudice and confusion.

This action is proceeding to trial on Plaintiff's claims of excessive force against the three defendants, and claim of retaliation against defendant Beer only. The report is not relevant to the claims remaining in this action.

Defendants' motion to exclude the report is granted.

        **3.     Special Master's Reports of John Hagar**

Defendants contend that the reports and recommendations authored by Special Master John Hagar have no bearing on the claims at issue here and that their probative value is substantially

outweighed by unfair prejudice, confusion, and delay.

The report concerns conditions at Pelican Bay State Prison. The events giving rise to the current action allegedly occurred at California State Prison - Corcoran. The Special Master's Reports are not relevant.

Defendants' motion to exclude these documents is granted.

### 4.   Transcripts of Proceedings Conducted by State Senator Jackie Speier

Defendants contend that the partial transcripts of the hearings are irrelevant, and that their probative value is substantially outweighed by the danger of unfair prejudice, confusion and delay.

Again, the transcripts are not relevant to the claims proceeding to trial in this action. Furthermore, any probative value is substantially outweighed by the danger of unfair prejudice and confusion of the issues. Fed. R. Evid. 403.

Defendants' motion to exclude the transcripts is granted.

### 5.   Complaints and Reports in Other Civil Actions filed by Prisoners Housed at California State Prison - Corcoran

Defendants contend that the complaints and reports in other civil actions filed by prisoners housed at Corcoran are irrelevant, and that their probative value is substantially outweighed by the danger of unfair prejudice and confusion.

The Court finds that the documents are wholly irrelevant to the claims proceeding in this action.

Defendants' motion to exclude these documents are granted.

### 6.   Records Concerning Plaintiff's Criminal Convictions and Appeals

Plaintiff requests leave to make limited reference to the illegality of his conviction to the jury, and seeks to offer evidence of his conviction and subsequent appeals.

Defendants contend that Plaintiff's conviction should be limited to the fact of conviction, and should exclude Plaintiff's disagreement with the charges and the jury's finding of guilt. Defendants further argue that Plaintiff's subsequent appeals are unrelated to the claims proceeding in this action.

Plaintiff's contention that his present incarceration is unlawful is not relevant to the claims at issue.

1  Defendants' motion to exclude these exhibits is granted and Plaintiff is precluded from
2  arguing the correctness of his conviction.

### 7. Departmental Operations Manual Section 31140.4.1 and 31140.6.2, and Title 15, section 3391(a) of the California Code of Regulations

Defendants contend that these sections of the Departmental Operations Manual and Title 15 of the California Code of Regulations are irrelevant, and their probative value is outweighed by the danger of unfair prejudice, confusion and delay.

The Departmental Operations Manual Section 31140.4.1 and 31140.6.2, and Title 15, section 3391(a) of the California Code of Regulations are not relevant to the claims proceeding to trial in this action; they do not provide the relevant legal standards for analyzing claims of excessive force or retaliation.

Defendants' motion to exclude these documents is granted.

### 8. Letter for Office of Internal Affairs dated October 10, 2001

Defendants contend that the letter response from the Office of Internal Affairs is irrelevant, and its admission would create the danger of unfair prejudice, confusion and delay.

The letter was authored over two years before the events giving rise to this action. The letter is not relevant to the claims at issue here.

Defendants' motion to exclude the letter is granted.

### 9. Letter from U.S. Department of Justice dated June 27, 2001

Defendants contend that the letter is irrelevant, unfairly prejudicial, and would cause needless confusion and delay.

Again, the letter is not relevant to the claims proceeding to trial in this action.

Defendants' motion to exclude the letter is granted.

## III. Plaintiff's Motions in Limine

### A. Motion to Inform Jury of Illegality of Plaintiff's Conviction

Plaintiff wishes to inform the jury that his present conviction is illegal. As held above, Plaintiff's contention that his present incarceration is unlawful is not relevant to the claims at issue.

1    Plaintiff's motion is denied.

2    **B.    Jury Instruction Regarding Prosecutorial Immunity**

3    Plaintiff requests a jury instruction stating that the State's Attorney does not enjoy
4 prosecutorial immunity when committing unscrupulous or illegal acts.

5    The Attorney General is not a party to this lawsuit and a jury instruction regarding
6 prosecutorial immunity is unnecessary.

7    Plaintiff's request is denied.

8    **C.    Motion to Present Evidence of Racial Bias, Culture of Abuse and Cover-Up**

9    Plaintiff wishes to present evidence of racial bias, and evidence of a culture of abuse and
10 cover-up.

11    The claims proceeding to trial do not involve allegations of racial bias, or a culture of cover-
12 up and abuse. The only claims proceeding to trial are Plaintiff's claims of excessive force against
13 defendants Beer, Gonzales and Hayward, and Plaintiff's claim of retaliation against defendant Beer.

14    Plaintiff's request is denied.

15    **D.    Reference to Criminal Convictions of Plaintiff's Witnesses**

16    Plaintiff withdraws his request to subpoena Inmate witness Randy Schlapfer on the grounds
17 that the witness has no relevant evidence to give. Thus, Plaintiff's request that defendants refrain
18 from making reference to Inmate Schlapfer's criminal conviction is denied as moot.

19    **E.    Motion to Provide Jury with State Court Opinion in Plaintiff's Appeal,
         Defendants' motion to dismiss for failure to exhaust administrative remedies,**
20       **a copy of <u>Brown v. Valoff</u>, 422 F. 3d. 926 (9th Cir. 2005), portions of the
         California Senate Oversight hearing transcripts, portions of the Penal Code,**
21       **and various Senate Bills**

22    Plaintiff requests that the above-listed documents be "published" to the jury. None of the
23 documents requested have any application to the claims remaining in this action.

24    Plaintiff's request is denied.

25    **F.    Order Commanding Clerk of Court to Produce and Provide Plaintiff with
         Copies of Court Files (Doc. 388, 389.)**
26

27    Plaintiff requests a court order commanding the Clerk of the Court to produce and provide
28 Plaintiff with copies of complaints, reports and orders filed in various court proceedings. Plaintiff

1  states that they will be used as trial evidence, rebuttal, habit, routine, and practice.

2       The Court has no legal basis to order the Clerk of the Court to provide Plaintiff with free
3  copies of court filings.

4       Plaintiff's request is denied.

      **G.    Request for Court Order Commanding Attorney General's Office to Produce all Plaintiff's Proposed Incarcerated Witnesses at Trial**

7       Plaintiff's request for a court order commanding the Attorney General's Office to produce
8  at trial all of Plaintiff's proposed incarcerated witnesses is without merit.

9       Plaintiff's request is denied.

10 **IV.    Conclusion**

11      This matter remains set for jury trial commencing at 8:30 a.m. on June 16, 2009.

12      As discussed during the motions in limine hearing, counsel for defendants is to send a copy
13 of this order by fax to Plaintiff at North Kern State Prison.

14 IT IS SO ORDERED.

15 **Dated:   June 12, 2009**          /s/ Lawrence J. O'Neill
                                                 UNITED STATES DISTRICT JUDGE