1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9   ROBERT D. GIBSON,                          CASE NO. 1:03-cv-05445 LJO DLB PC

10                          Plaintiff,          ORDER DIRECTING CLERK'S OFFICE TO
                                                SEND PLAINTIFF COPIES OF COURT
11          v.                                  DOCUMENTS, AND DENYING REQUEST
                                                FOR TRANSCRIPTS AT GOVERNMENT
12   WARDEN OF CORCORAN STATE                   EXPENSE
     PRISON, et al.,
13                                              (Doc. 431)
                            Defendants.
14   _____/

15

16          Plaintiff Robert D. Gibson ("plaintiff") is a state prisoner who was proceeding pro se and in

17   forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.   Following jury trial,

18   judgment was entered in favor of the defendants, and Plaintiff filed a notice of appeal on June 16,

19   2009.  On June 25, 2009, plaintiff filed a motion seeking excerpts of the record as well as copies of

20   transcripts at government expense.  (Doc. 431.)

21          In accordance with Ninth Circuit Rule 30-3, plaintiff's request for copies of Court Docket

22   Documents #42, 101, 148, 195, 230, 239, 208, 221, 231 and 244 is HEREBY GRANTED and the

23   Clerk's Office is directed to send plaintiff the excerpts of record.

24          With respect to Plaintiff's requests for copies of transcripts for the pre-trial conference,

25   motions in limine hearing and trial, a litigant who has been granted in forma pauperis status may

26   move to have transcripts produced at government expense.  See 28 U.S.C. § 753(f);  McKinney v.

27   Anderson, 924 F.2d 1500, 1511-12 (9th Cir.1991) (subsequent history omitted).  Two statutes must

28   be considered whenever the district court receives a request to prepare transcripts at the

1

government's expense.  First, 28 U.S.C. § 1915(c) defines the limited circumstances under which the court can direct payment the government to pay for transcripts for a litigant proceeding in forma pauperis.

> (c) Upon the filing of an affidavit in accordance with subsections (a) and (b) and the prepayment of any partial filing fee as may be required under subsection (b), the court may direct payment by the United States of the expenses of (1) printing the record on appeal in any civil or criminal case, if such printing is required by the appellate court; (2) preparing a transcript of proceedings before a United States magistrate judge in any civil or criminal case, if such transcript is required by the district court, in the case of proceedings conducted under section 636(b) of this title or under section 3401(b) of title 18, United States Code; and (3) printing the record on appeal if such printing is required by the appellate court, in the case of proceedings conducted pursuant to section 636(c) of this title. Such expenses shall be paid when authorized by the Director of the Administrative Office of the United States Courts.

28 U.S.C. § 1915(c).

Second, 28 U.S.C. § 753(f) allows the court to order the government to pay for transcripts only if "the trial judge or a circuit judge certifies that the appeal is not frivolous (but presents a substantial question)." 28 U.S.C. § 753(f).  A request for a transcript at government expense should not be granted unless the appeal presents a substantial question.  Henderson v. United States, 734 F.2d 483, 484 (9th Cir. 1984).  Based on Plaintiff's notice of appeal, the Court finds that the appeal does not present a substantial question and the request for transcripts at government expense is denied.  Plaintiff may renew his request for transcripts at government expense with the appellate court by filing a motion there if he wishes.

In addition, Plaintiff is notified that the appellate court has access to the court's file in this case, and will request any necessary documents that are in the record directly from this court.

Based on the foregoing, Plaintiff's motion for a transcript of the pre-trial conference, motions in limine, and trial at government expense is HEREBY DENIED.

IT IS SO ORDERED.

**Dated:   July 16, 2009**                                        **/s/ Lawrence J. O'Neill**
                                                                    UNITED STATES DISTRICT JUDGE